**In the Matter of John L. HEARN, Debtor.**

**Bankruptcy No. BK81–989.**

United States Bankruptcy Court, D. Nebraska.

March 24, 1982.

---

C. L. Robinson, Omaha, Neb., for Hydroflo Corp.

Michael Heavey, Omaha, Neb., for debtor.

Kenneth E. Shreves, Omaha, Neb., trustee.

MEMORANDUM

DAVID L. CRAWFORD, District Judge.

This case comes before the court upon conflicting motions under § 1307 of the Bankruptcy Code by the Debtor John L. Hearn and the Hydroflo Corporation (Hydroflo), a secured creditor.

The Hydroflo motion seeks conversion of the case to a Chapter 7 liquidation under § 1307(c), which reads in pertinent part, "... on request of a party in interest and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause..." 11 U.S.C. 1307(c)

The bases for the creditor's motion were an August 1981 order by this court sustaining Hydroflo's objection to confirmation without granting the debtor additional time for filing another plan or modification of the plan, the debtor's lack of good faith required by § 1325 coupled with his failure to list certain assets in his schedules, and the debtor's failure to account for money and property embezzled by him while working as an employee of Hydroflo. It is the position of Hydroflo that the foregoing facts constitute sufficient cause to trigger the provisions of sub-section (c) and that both Mr. Hearn's creditors and the estate would best be served by conversion of the case to a Chapter 7 proceeding.

While I agree with the Hydroflo assertion that such factors as these do constitute sufficient cause for conversion of a case to Chapter 7, I must also consider Mr. Hearn's contemporaneous 1307(b) motion for dismissal of his Chapter 13 petition and determine which sub-section is controlling. Sub-section (b) provides,

"On request of the debtor *at any time* if the case has not been converted under section 706 or 1112 of this title, the *court shall dismiss* a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." (emphasis added) 11 U.S.C. 1307(b)

The language of sub-section (b) appears to give the debtor the right to dismiss his Chapter 13 case at any time during the proceedings where, as here, the case was originally filed under Chapter 13. Legislative history reinforces a mandatory reading of sub-section (b): the court is *required* to honor the debtor's request for dismissal, (H.Rep. 95–595, 95th Cong., 1st Sess. (1977) 428, U.S.Code Cong. & Admin.News 1978, p. 5787.), 1307(b) confirming *without qualification* the right of a Chapter 13 debtor to dismiss his own case (S.Rep. 95–989, 95th Cong., 1st Sess. (1977) 141, U.S.Code Cong. & Admin.News 1978, p. 5787.). Collier agrees stating, " . . . although not specifically mentioned in section 1307(c), the court may not convert a case originally commenced under chapter 13 to chapter 7 pursuant to section 1307(c), if the debtor has requested dismissal of the chapter 13 case under section 1307(b)." 5 *Collier on Bankruptcy* (15th ed.) 1307.01.

At first reading, the mandatory language of sub-section (b) seems to defy the "best interests" test of 1307(c). It appears to allow the debtor to walk away from a proceeding at will, leaving the creditors no hope of recovering whatever portion of the debt owed a payment plan or forced sale would net them. Viewed, however, from the larger perspective of the policies underlying the Bankruptcy Code, permitting dismissal upon the debtor's request does not produce so harsh a result.

Historically, the Bankruptcy Act under § 666 and Rule 13–112 provided that no conversion from Chapter XIII to Chapter VII could be had without the debtor's consent. Forced sale of a wage earner's property was deemed too severe to be involuntarily imposed. This freedom to choose between liquidation and debt adjustment was preserved in the new Bankruptcy Code. While the consent of the debtor is no longer required to effect a conversion, he does have a guaranteed right of dismissal.

A mandatory reading of the debtor's right of dismissal provides a valuable safety valve for the petitioner. Strong social policy encourages the payment of debts, hence, use of Chapter 13. The debtors under the chapter restructure their obligations and are required to formulate a viable plan toward repayment of at least some of their obligations. The Code as well encourages Chapter 13 petitions by permitting, for example, more frequent filings, modification of secured claims, and more expansive discharge provisions. Unsecured creditors are protected because a confirmed Chapter 13 plan must provide them with payments at least as great as those which would be realized had the debtor chosen Chapter 7 liquidation. To so encourage Chapter 13 filings, the Code must permit the debtor to avoid liquidation if he so chooses.

The 1307(c) party in interest conversion or dismissal provision is not automatically rendered impotent by the existence of the debtor's unqualified right to dismiss. If the Chapter 13 debtor does not move to dismiss, sub-section (c) operates well. Upon a showing of just cause, a party in interest may effect a dismissal or conversion of the case to a Chapter 7.

The fact that a debtor in the situation of Mr. Hearn, i.e. one confronted with the possibility of liquidation by a third party, has made the choice to dismiss indicates that he is prepared to limit his rights and remedies to those available in state court. Creditors will be free to pursue any cause of action they might have had under the Bankruptcy Code in state forums immediately upon dismissal of these proceedings for reason that the automatic stay no longer remains in effect. (Section 362(c)(2)(B)). Pursuant to § 349(b) of the Code, a dismissal in this circumstance reinstates any proceeding superceded under § 543, any transfer avoided under 522, 544, 545, 547, 548, 549 or 724(a) or preserved under certain 510, 522, or 551 provisions and any lien avoided under 506(d). Any order, judgment or transfer ordered during the case under 522(i)(1), 542, 550, or 553 is vacated and property of the estate is revested in the entity in which it was vested prior to the filing of the petition.

Further, there is no danger of a creditor's losing a cause of action by the running of

any statute of limitations. Section 108(c) of the Code protects creditors against the possibility of a debtor's filing a Chapter 13 petition and later using his dismissal right after the statute has run. That provision tolls a statute of limitation on a civil cause of action still viable on the date of filing until 30 days after notice of the event which terminates the automatic stay, here, the debtor's 1307(b) dismissal. H.Rep. 95–595, 95th Cong., 1st Sess. (1977) 318.

I find that a debtor's 1307(b) motion to dismiss must be granted by this court. Accordingly, the Chapter 13 petition of John L. Hearn is dismissed and the § 362 automatic stay is lifted as of the operative date of this order. The Hydroflo motion to convert to Chapter 7 is rendered moot by this decision. Hydroflo is free to pursue whatever causes of action it may have against Mr. Hearn in state court.