**In the Matter of George F. EDDIS, Jr.**

**Civ. A. No. 83–5564.**
**Bankruptcy No. 82–04120K.**

United States District Court,
E.D. Pennsylvania.

Jan. 4, 1984.

David A. Searles, Community Legal Services, Inc., Philadelphia, Pa., for appellant George Eddis.

David B. Comroe, Robinson, Greenberg & Lipman, Philadelphia, Pa., for appellee Lomas & Nettleton.

## MEMORANDUM

NEWCOMER, District Judge.

Debtor/appellant George Eddis seeks relief from an Order of the Bankruptcy Court lifting an automatic stay of creditors' collection proceedings. For reasons discussed below, the relief will be granted.

In September, 1982 Eddis filed a voluntary petition under Chapter 13 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362(a) the filing operated as an automatic stay of all collection efforts by creditors. Eddis subsequently filed a plan for repayment of his debt, which was approved by the Bankruptcy Court.

In August of 1983 appellee Lomas & Nettleton, the holder of the mortgage on Eddis' house, filed a motion for modification and relief from the stay, alleging Eddis had failed to make four of the mortgage payments required by his plan. A hearing on the motion was scheduled for September 19, 1983 at 10:00 a.m. Seventeen minutes prior to the hearing Eddis filed with the Clerk of the Bankruptcy Court a praecipe to dismiss his bankruptcy petition.

On that day the Bankruptcy Court entered two Orders. First it granted Lomas & Nettleton's motion for relief from the automatic stay. In lifting the stay the court ordered that "the filing of any future petitions in Bankruptcy shall not affect the instant Order granting relief from the Code Section 362 stay." It next granted Eddis' motion to dismiss. Mr. Eddis filed a notice of appeal a week later.

On November 4, 1983 the Bankruptcy Court issued two more Orders in this matter. It vacated its Order of September 19 dismissing Eddis' bankruptcy and entered an Order dismissing Eddis' bankruptcy as of the time he filed his motion to dismiss. Although the Bankruptcy Court was not specific, the second Order dismissing Eddis' bankruptcy should have nullified its September 19 Order lifting the automatic stay because the effective time of the dismissal was prior to that of the Order lifting the stay.

From this procedural confusion Eddis appeals seeking an Order that the Bankruptcy Court vacate its automatic stay Order. Eddis argues that he has an absolute right, under 11 U.S.C. § 1307(b), to have his bankruptcy petition dismissed immediately upon his request. He makes no reference to the November 4 Orders or their impact on the relief requested. In response, Lomas & Nettleton contends that the Bankruptcy Court had no jurisdiction to enter its November 4 Orders because of the pendency of Eddis' appeal. In addition it argues that

the Bankruptcy Court properly entered the order lifting the stay on September 19 prior to dismissing Eddis' bankruptcy petition.

■ The Bankruptcy Court lacked jurisdiction to enter its November 4, 1983 Orders because of the pendency of Eddis' appeal. *In Re Bialac,* 694 F.2d 625 (9th Cir.1982). Thus, the sole issue before me is whether the Bankruptcy Court was obliged to dismiss the bankruptcy petition immediately upon Eddis' request.

The Bankruptcy Code provides, in relevant part, as follows:

> On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

11 U.S.C. § 1307(b). In a strikingly similar case, this provision was held to be mandatory on the basis of its language as well as its legislative history. *In Re Hearn,* 18 B.R. 605 (Bkrtcy.D.Neb.1982). In *Hearn* the Court concluded it must grant the debtor's § 1307(b) motion to dismiss despite the pendency of an apparently meritorious motion by a creditor to convert the case to a chapter 7 liquidation. The Court recognized that its ruling permitted the debtor to avoid a liquidation proceeding to which the creditors were otherwise entitled but noted that under the Bankruptcy Code scheme the result was not harsh. The effect of the dismissal was to remove the automatic stay provided by § 362 thus leaving creditors free to pursue their claims under state law.[1]

■ Similarly, granting Eddis his requested relief will remove the automatic stay thereby permitting Lomas & Nettleton to seek foreclosure in state court. Lomas & Nettleton fears frustration of its rights by a merry-go-round of state foreclosure actions followed by chapter 13 petitions which are in turn voluntarily dismissed. Such

---

1. *In Re Pocklington,* 21 B.R. 199 (Bkrtcy.S.D. Cal.1982), presents a different situation. In that case the debtor sought dismissal after several hearings had resulted in the debtor being ordered to take certain action which he failed to do. The Court properly retained jurisdiction to protect the creditor's reliance on the pending proceedings and to avoid the uneconomical result of retrying the case in state court.

fears are not wholly without warrant. See *In Re Bystrek,* 17 B.R. 894 (Bkrtcy.E.D.Pa. 1982).

Lomas & Nettleton has, however, failed to establish that such fears are warranted in this case. The record reveals only that Eddis has filed one chapter 13 petition, followed by a confirmed plan. As another court has stated:

> While the court can sympathize with the creditor's belief that the prior petitions were filed for the sole purpose of avoiding foreclosure of the mortgaged premises, the overwhelming majority of chapter 13 petitions are filed with that very goal in mind. Such is the relief afforded by Congress to the debtor who wishes protection of this court.

*In Re Conway,* 5 B.R. 251 (Bkrtcy.E.D.Pa. 1980).

If Lomas & Nettleton's fears materialize and it can show that Eddis is abusing the system and causing unreasonable delay that is prejudicial to its interests, its remedy would be to file a § 1307(c) motion to dismiss or convert. *In Re Bystrek,* 17 B.R. 894 (Bkrtcy.E.D.Pa.1982); *In Re Conway,* 5 B.R. 251 (Bkrtcy.E.D.Pa.1980).

Thus I conclude that the Bankruptcy Court erred in granting Lomas & Nettleton's motion for relief from stay.