**In re Frances E. MERRITT a/k/a Frances E. Howard Merritt, Debtors.**

**Bankruptcy No. 81–00821G.**

United States Bankruptcy Court, E.D. Pennsylvania.

April 25, 1984.

Patricia L. Smith, Hazel Mack, Community Legal Services, Philadelphia, Pa., for debtor, Frances E. Merritt a/k/a Frances E. Howard Merritt.

Warren T. Pratt, Drinker, Biddle & Reath, Philadelphia, Pa., for PSFS, the objector.

James J. O'Connell, Philadelphia, Pa., Standing Trustee in Chapter 13.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

█ The issues presented in the controversy at hand are whether a debtor's absolute right of dismissal of a chapter 13 proceeding is effected without court action, and, if it is not, whether we may delay the dismissal until the entry of an order protecting the rights of other parties which were acquired in reliance on the bankruptcy. For the reasons stated herein we find that the dismissal is effected only by the entry of an order, that the dismissal may be delayed in the proper case for the entry of orders protecting certain rights, but that in this case a sufficient showing for such a protective order has not been made.

The facts of this case are as follows:[1] The debtor filed her first petition for relief under the Bankruptcy Code ("the Code") under chapter 13 on March 6, 1981. The plan was ultimately confirmed although apparently the debtor failed to make the requisite payments under it. Consequently, the Philadelphia Savings Fund Society ("PSFS") filed a motion to modify the automatic stay imposed by 11 U.S.C. § 362(a) so it could foreclose its security interest in the debtor's real property. Two days prior to the hearing on the PSFS motion the debtor served PSFS with a document entitled "Debtor's election to dismiss chapter 13 case," which was filed with the court several days later. PSFS then moved[2] for an order that would insulate the creditor's foreclosure action from the effect of the automatic stay that would arise on the debtor's filing of a future petition.

An individual may file a petition under chapters 7, 11 or 13 of the Code, and the provisions of the chapter so elected govern the parties' rights to dismissal as well as conversion of the case to another chapter. In chapter 13 the debtor has an absolute right to convert the case to a chapter 7 proceeding although the petition may have been originally filed under chapter 7 or 11. 11 U.S.C. § 1307(a). Of importance in the case at bench is the debtor's absolute right to dismiss a chapter 13 proceeding if the case has not previously been converted from chapters 7 or 11. § 1307(b). The debtor asserts that the right to dismissal under § 1307(b) is effected on the instant that a praecipe[3] for such relief is filed with the Clerk of the court but PSFS contends that the proper vehicle for such relief is a

motion which would result in dismissal of the case only on the entry of an order of the bankruptcy judge.

Our analysis begins with the Code provision on which the debtor predicates her contentions, § 1307(b):

> (b) On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title, *the court shall dismiss a case* under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable. (Emphasis added).

Obviously this subsection does not indicate whether dismissal may be effected by praecipe or by motion and order, but the above highlighted language does state that the entity which must act in order to dismiss the case is "the court," i.e., the bankruptcy judge. The legislative history of the Code indicates that the drafters of the statute intended that the Bankruptcy Rules or local rules, both of which had yet to be adopted, would govern the method for dismissal under § 1307.[4] A review of the rules provides something less than a lucid treatment of the topic. Bankruptcy Rule 1017, which is entitled "Dismissal of Case; Suspension," states as follows in relevant part:

> Rule 1017. Dismissal of Case; Suspension
>
> (a) VOLUNTARY DISMISSAL; DISMISSAL FOR WANT OF PROSECUTION. Except as provided in § 1307(b) of the Code, a petition shall not be dismissed on motion of the petitioner or for want of prosecution or other cause or by

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** The document filed by PSFS was denominated an "objection" which requested the relief outlined above. We will deem the "objection" a motion and refer to it as such hereafter.

**3.** By praecipe we mean a document filed with the clerk of the court which will effect an intended result without action by the judge.

**4.** In pertinent part the legislative history states as follows:

> The following table lists matters that will be dealt with by the Rules of Bankruptcy Procedure or by local rules of court:
>
> (280) Method for the debtor to exercise the preconversion right of dismissal in a chapter 13 case;
>
> (281) Method of initiation, who may initiate, kind of notice, and form of hearing to convert or dismiss a chapter 13 case:
>
> \*    \*    \*    \*    \*    \*
>
> H.R.Rep. No. 95–595, 95th Cong., 1st Sess. at 293 and 306, *reprinted* in, 1978 U.S.Code Cong. & Admin.News 5787, at 6250 and 6263.

consent of the parties prior to a hearing on notice to all creditors as provided in Rule 2002(a). For such notice, the debtor shall file a list of all creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the preparing and filing by the debtor or other person.

\* \* \* \* \* \*

(d) PROCEDURE FOR DISMISSAL OR CONVERSION. A proceeding to dismiss a case or convert a case to another chapter is governed by Rule 9014. The reference to § 1307(b) in Rule 1017(a) merely indicates that dismissals arising under § 1307(b) are not governed by the general rule of 1017(a). Thus, Rule 1017(a) does not dictate how § 1307(b) should be implemented. The ambiguity of Rule 1017(a) is alleviated by Rule 1017(d) which expressly states that a "proceeding to dismiss a case or convert a case to another chapter is governed by Rule 9014." The Advisory Committee notes to this provision indicate "[a]ny proceeding, whether by a debtor of another party, to dismiss or convert a case under §§ 706, 707, 1112, or 1307 is commenced by a motion pursuant to Rule 9014." Consequently, Rule 1017(d) clearly dictates that a dismissal under § 1307(b) is executed only through the submission of a motion and the entry of an order. Although § 1307(b) gives the debtor an absolute right to dismissal if the case has not previously been converted, the section does not govern the time or manner by which the order of dismissal must be entered. Hence a dismissal through motion and order is not at odds with the language

of § 1307(b). *In Re Pocklington*, 21 B.R. 199 (Bkrtcy.S.D.Cal.1982).

The conclusion that § 1307(b) is implemented only through a motion is supported by the legislative history and language of § 349 [5] which is entitled "Effect of dismissal." Section 349 expresses the general rule that the dismissal of a petition reverses to the extent possible, what has transpired during the bankruptcy. This is succinctly summarized in the legislative history with the following language:

Subsection (b) specifies that the dismissal reinstates proceedings or custodianships that were superseded by the bankruptcy case, reinstates avoided transfers, reinstates voided liens, vacates any order, judgment, or transfer ordered as a result of the avoidance of a transfer, and revests the property of the estate in the entity in which the property was vested at the commencement of the case. The court is permitted to order a different result for cause. The basic purpose of the subsection is to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. This does not necessarily encompass undoing sales of property from the estate to a good faith purchaser. *Where there is a question over the scope of the subsection, the court will make the appropriate orders to protect rights acquired in reliance on the bankruptcy case.* (Emphasis added).

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 338 (1977) and S.Rep. No. 95–989, 95th Cong., 2d Sess. 48–49 (1978), *reprinted in*

---

**5.** § 349. Effect of dismissal

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed.

(b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—

(1) reinstates—

(A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and

(C) any lien voided under section 506(d) of this title;

(2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and

(3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

1978 U.S.Code Cong. & Admin.News 5787, at 6294 and 5834–35. If dismissal were effected on the entry of a praecipe, the court would have no opportunity to order for cause that certain "rights acquired in reliance on the bankruptcy case" not be lost on dismissal.

As stated above, the second issue is whether the court may delay the entry of an order for dismissal after the debtor has filed a motion for such relief under § 1307(b), so that prior to the termination of the action we may enter orders protecting rights gained in reliance on the pendency of the bankruptcy. Based on the legislative history to § 349, which is quoted above, we hold that protective orders can be entered "for cause" although no additional guidance is afforded by the Code.

Before proceeding with the third issue, we note that the case law presented by the debtor is not in contradiction of our resolution of the first two issues. The debtor's position is not supported by the district court case of *In Re Eddis*, 37 B.R. 217 (D.C.E.D.Pa.1984), in which the chapter 13 debtor filed a "praecipe under § 1307(b) for dismissal immediately prior to a hearing on a creditor's motion for relief from the automatic stay.[6] The court resolved the sole issue in the case by holding that a chapter 13 debtor had an absolute right to dismissal, but realized, without discussing § 349, that in certain circumstances the result reached in *Pocklington, supra,* may be appropriate. In *Pocklington* the debtor moved for dismissal under § 1307(b) although the debtor was a party to an adversary matter pending in the case. The court granted the dismissal of the bankruptcy proceeding, but under § 349 retained jurisdiction of the adversary "for cause" since the other party to the adversary would be prejudiced by the dismissal.

■ The parties cite several other cases which discuss § 1307(b), and all but one state that the right of dismissal is absolute. *In Re Gillion*, 31 B.R. 550 (Bkrtcy.E.D. Ark.1983) (in the proper case the debtor's right of dismissal in § 1307(b) is subordinate to another's party's right to convert case to chapter 7). We agree with the weight of authority that the right of dismissal is absolute. In *In Re Hearn*, 18 B.R. 605 (Bkrtcy.D.Neb.1982), and *In Re Benediktsson*, 34 B.R. 349 (Bkrtcy.W.D. Wash.1983), the courts faced competing motions for dismissal under § 1307(b) and conversion motions under § 1307(c). The courts held that a motion under § 1307(c) must fail in the face of a debtor's motion under § 1307(b). A contrary result would have rendered the debtor's right of dismissal a nullity since a right to dismiss and the right to convert are contradictory forms of relief whereas here relief under §§ 349 and 1307(b) are not incompatible and thus these two cases are inapposite to the case at bench.

■ The third issue is whether this is a proper case for the entry of a protective order prior to the dismissal of the case. The sole basis asserted for the existence of cause is that the debtor served PSFS with the request for dismissal immediately prior to the hearing on that creditor's motion for relief from the automatic stay. There is no evidence of bad faith or abuse of the bankruptcy system and we hold as a general rule that cause is not present for the entry of a protective order prior to a dismissal under § 1307(b) merely because the debtor seeks dismissal of her first bankruptcy petition on the eve of a hearing on a creditor's request for relief from the automatic stay.

We will deny PSFS's motion for an order which would insulate its foreclosure action from the effect of the automatic stay that

---

**6.** The court's putative solution in *Eddis* to "a merry-go-round of state foreclosure actions followed by chapter 13 petitions which are in turn voluntarily dismissed" was for the creditor "to file a § 1307(c) motion to dismiss or convert" the debtor's case. The suggestion is flawed since a motion for dismissal under § 1307(c) would achieve the same result as that sought by the debtor in § 1307(b), i.e., dismissal. A motion for conversion to chapter 7 under § 1307(c) would be superceded by the debtor's filing of a § 1307(b) motion to dismiss. *In Re Hearn*, 18 B.R. 605 (Bkrtcy.D.Neb.1982); *In Re Benediktsson*, 34 B.R. 349 (Bkrtcy.W.D.Wash.1983).

would arise on the debtor's filing of a future petition. We will deem the debtor's praecipe a motion for dismissal and we will order the case dismissed.