## In re DICK COUTURE AND ASSOCIATES, INC., Debtor.

### Bankruptcy No. 585–02220–M07.

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

Feb. 20, 1986.

———

James W. Berry, Coenen, Berry & Bruynincky, Rayville, La., for debtor.

Johnny E. Dollar, McLeod, Swearingen, Verlander & Dollar, Monroe, La., for Fred Huenefeld, Jr., Chapter 7 trustee.

## MEMORANDUM RULING

LeROY SMALLENBERGER, Bankruptcy Judge.

On January 31, 1986, this Court ruled from Chambers denying the debtor's Motion to Convert their Chapter 7 Liquidation case to a Chapter 11 Reorganization. This memorandum is to provide additional reasons for our Judgment. This attempt to convert was made the day that the majority of the assets of this corporation were to be sold at a public Trustee's Auction.

The Court agrees with the debtor that, under the Code, the debtor has the absolute right to convert a case from a Chapter 7 Liquidation to a Chapter 11 Reorganization. This is allowed under section 706(a) of the Bankruptcy Code, which provides:

> The debtor may convert a case under this chapter to a case under chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title.

Additionally, under section 348(e), the Chapter 7 Trustee is automatically removed and constructive possession of the estate reverts to the newly created Chapter 11 Debtor-in-Possession. This procedure is allowed under the Code without notice or a hearing.

It is important, however, to note exactly what this Court had before it when we refused to allow the conversion and refused to stop the 10:00 a.m. sale. On January 30, 1986, a document styled, "Voluntary Petition by Chapter 7 Debtor to Convert to Chapter 11" was filed in the Clerk of Court's Office. This document was signed by the attorney for the Chapter 7 debtor, Mr. Rick C. Anzalone, and further provided:

> I, Arthur Sharplin, the president of the corporation named as petitioner in the foregoing petition, declare under penalty of perjury that the foregoing is true and correct, and that the filing of this peti-

tion on behalf of the corporation has been authorized.

Executed on January 30, 1986. Signature

Mr. Sharplin was not president of the corporation during the Chapter 7 proceeding. My Law Clerk, Mr. Steve Chiccarelli, contacted Mr. Anzalone and was informed by Mr. Anzalone that he was withdrawing as counsel for the debtor. Thus, the debtor no longer had the representation of counsel.

The second document styled, "Letter of Agreement" listed the following points of agreement:

(1) The Board of Directors of the corporation is to be reconstituted immediately to include only you and myself. The new Board of Directors will appoint me President and Secretary and you Vice President. I will serve as Chairman of the Board.

(2) Acting for the corporation, I will convert the present Chapter 7 bankruptcy case to a case under Chapter 11.

(3) You will provide consulting services from time to time for consideration to be agreed upon and under terms to be agreed upon.

(4) I will direct the administration of the company with a goal of maximizing the value of the company and the return to claimants.

(5) The company will pursue the viable lawsuits for which it has rights of action. This is likely to include lawsuits against Malone and Hyde, and Winco Prestige Equipment Company, and perhaps others.

(6) The ownership of the company which emerges from Chapter 11 will be approximately 60 percent Arthur Sharplin, 40 percent Dick Couture. This ownership will be accomplished as early as practicable, probably through the issuance of new common shares.

Through an examination of the bankruptcy record, the Court was aware that Mr. Couture, as an individual, had also filed for protection under Chapter 7 of the Bankruptcy Code. Mr. Sharplin is listed in Mr.

Couture's personal Chapter 7 bankruptcy as the holder of three claims against the individual estate:

| | | |
|---|---|---|
| 1) | Property & Building at I–20 Frontage Road Monroe | $186,000.00 |
| 2) | 2nd piece of Land | $ 15,000.00 |
| 3) | New and additional property | $ 99,000.00 |

Thus, the Court had the creditor of the individual claiming he was now president of the corporation authorized to convert the corporation from a Chapter 7 to a Chapter 11 minutes before a sale of the majority of the assets of the corporation were auctioned. This court denied the conversion and refused to halt the auction at 9:55 a.m. The Court had spoken to Mr. Sharplin in Chambers that morning and was convinced of his honesty, but did not believe that he had the authority, as president of the corporation, to request the conversion. First, at the time that we denied the conversion, no corporate resolution allowing the change in the constitution of the corporate officers or allowing the conversion was filed or presented to the Court. Second, the Court had strong reservations concerning Mr. Couture's ability to vote his 80% share of the stock in the corporation in favor of Mr. Sharplin and agree to transfer some ownership of the corporation to Mr. Sharplin when that stock was an asset of the individual Chapter 7 bankruptcy.

Although section 706(a) provides for avenues of substantive relief, there is no procedural means for effecting that relief. Rule 1017(d) provides:

A proceeding to dismiss a case or convert a case to another Chapter is governed by Rule 9014.

This rule incorporates by reference Rule 9014, which requires an opportunity for a hearing. Additionally, the Advisory Committee Notes to 1017 state:

Any proceeding, whether by a debtor or other party, to dismiss or convert a case under § 706, 707, 1112 or 1307 is commenced by a motion pursuant to rule 9014.

Rule 1017(d) makes no exception for those instances when the debtor has an absolute

right to convert. Thus, the relief "shall be requested by motion." R. 9014.

Therefore, because of the complicated nature of this situation, the real harm that would result to the estate if the auction was halted, the failure to follow the proper procedure and the absence of any other financial source to protect the estate in the interim, the Court decided not to halt the sale.

Nevertheless, since the Bankruptcy Rules cannot controvert the substantive provisions of the statute, when the proper documentation was filed this Court allowed the case converted to a Chapter 11 Reorganization. Although the debtor's absolute right to conversion cannot be precluded as a result of a hearing, the Court believes that a hearing is the needed forum for the airing of grievances of any party who acquired rights in the bankruptcy in reliance on the pendency of proceedings in that particular Chapter. This is exactly the case before us. Thus, although we have allowed the conversion we have set up a hearing to determine the rights of the debtor vis-a-vis the creditor's rights acquired in reliance on the originally filed bankruptcy case. See *In Re Merritt*, 39 B.R. 462 (E.D. Pa.1984).