**In re Michael William SANDERS, Debtor.**

**Bankruptcy No. 3–88–00008.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

April 26, 1989.

DeWayne Smith, Troy, Ohio, for Michael William Sanders.

John E. Breidenbach, Dayton, Ohio, for George W. Ledford, trustee.

Richard A. Schwartz, Dayton, Ohio, for Roselee Sanders.

## MEMORANDUM OPINION ON DEBTOR'S MOTION TO DISMISS BANKRUPTCY CASE AND TRUSTEE'S MOTION TO CONVERT CASE TO CHAPTER 7 CASE; ORDER SETTING HEARING FOR DETERMINATION OF ADMINISTRATIVE EXPENSES

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of the debtor, Michael William Sanders, to voluntarily dismiss his chapter 13 case under section 1307(b) of the Bankruptcy Code, and a motion (filed subsequently to the debtor's motion) of the chapter 13 trustee to convert the debtor's case to a chapter 7 case under section 1307(c) of the Bankruptcy Code. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

On January 6, 1989 the debtor filed a motion to voluntarily dismiss his chapter 13 case. In response the chapter 13 trustee moved the court to convert the case to a chapter 7 case on the ground that the trustee was currently pursuing a fraudulent conveyance action against the debtor and his ex-spouse and that the debtor's request for a dismissal was in bad faith. The issue is whether the trustee's motion to convert affects the right of the debtor to voluntarily dismiss his chapter 13 case.

In order to resolve the issue it is necessary to reconcile the following provisions of section 1307 of the Bankruptcy Code:

(b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause....

11 U.S.C. § 1307(b) & (c).

Initially the court observes that the plain language of these statutory provisions supports the debtor's position that he has an absolute right to dismiss his chapter 13 case despite the trustee's motion to convert the case. Where a case has not been converted, a debtor may request a dismissal *at any time* and the court *shall* dismiss the case. 11 U.S.C. § 1307(b). The mandatory language of subsection (b) contrasts sharply with the discretionary or permissive provision of subsection (c): for cause, the court *may* convert a chapter 13 case to chapter 7 or dismiss the case, whichever is in the best interests of creditors and the estate. 11 U.S.C. § 1307(c).

[T]he use of a mandatory verb in § 1307(b), *"shall"* and a directory verb in § 1307(c), *"may"* by Congress creates a fair inference that Congress realized the difference in meaning and intended that the verbs used should carry with them their ordinary meaning. Thus, in

§ 1307(c) it is clear the provision is permissive and in § 1307(b) it is compulsory. *In re Gillion,* 36 B.R. 901, 906 (E.D. Ark.1983).

In addition to the plain meaning of section 1307(b), the "[l]egislative history reinforces a mandatory reading of sub-section (b): the court is *required* to honor the debtor's request for dismissal." *Matter of Hearn,* 18 B.R. 605, 606 (Bankr.Neb.1982). "Both the Senate and the House adopted a mandatory view of dismissal." *In re Looney,* .90 B.R. 217, 218 (Bankr.W.D.Va.1988).

Subsection (b) requires the court, on request of the debtor, to dismiss the case if the case has not already been converted from chapter 7 or 11. H.R.Rep. No. 595, 95th Cong., 1st Sess. 428 (1977).

Subsections (a) and (b) confirm, *without qualification,* the rights of a chapter 13 debtor to convert the case to a liquidating bankruptcy case under chapter 7 of title 11, at any time, or to have the chapter 13 case dismissed. Waiver of any such rights is unenforceable. S.Rep. No. 989, 95th Cong., 2d Sess. 141 (1978). U.S.Code Cong. & Admin.News 1978, pp. 5787, 5927, 6384. [Emphasis supplied]

Nothing in the legislative history to section 1307(b) suggests that the court may exercise discretion in considering a debtor's request to dismiss where the chapter 13 case has not been converted. *In re Benediktsson,* 34 B.R. 349, 351 (Bankr.W.D.Wash. 1983).

In the instant proceeding the trustee asserts that the debtor desires to dismiss his case solely for the purpose of avoiding litigation regarding an alleged fraudulent transfer. Although some courts[1] have examined the motives and good faith of debtors in requesting a dismissal of their chapter 13 cases, the majority have stated that debtors possess the absolute right to dismiss their chapter 13 cases absent a previous conversion. *See Nash v. Kester* (*In re Nash* ), 765 F.2d 1410 (9th Cir.1985); *In re Gillion,* 36 B.R. 901 (E.D.Ark.1983); *In re Looney,* 90 B.R. 217 (Bankr.W.D.Va.

1988); *In re McConnell,* 60 B.R. 310 (Bankr.W.D.Va.1986); *In re Turiace,* 41 B.R. 466 (Bankr.Ore.1984); *In re Merritt,* 39 B.R. 462 (Bankr.E.D.Pa.1984); *In re Benediktsson,* 34 B.R. 349 (Bankr.Wash. 1983); *In re Hearn,* 18 B.R. 605 (Bankr. Neb.1982).

Although this court is concerned that a debtor's absolute right to dismiss a chapter 13 case may afford opportunities for abusing the chapter 13 process, the court believes—given the unambiguity of section 1307(b) and its accompanying legislative history—that any remedial measures regarding a debtor's right to dismiss must be provided by Congress. Counterbalancing any potential for abuse in this area is the fact that by dismissing a chapter 13 case a debtor gives up certain federal bankruptcy rights and becomes subject to the provisions of state law.

The fact that a debtor in the situation of Mr. Hearn, i.e. one confronted with the possibility of liquidation by a third party, has made the choice to dismiss indicates that he is prepared to limit his rights and remedies to those available in state court. Creditors will be free to pursue any cause of action they might have had under the Bankruptcy Code in state forums immediately upon dismissal of these proceedings for the reason that the automatic stay no longer remains in effect. *Matter of Hearn, supra,* 18 B.R. at 606.

[I]t is plain that upon the dismissal of debtor's Chapter 13 proceedings, creditors may proceed immediately against the debtor in state court. By electing to dismiss her Chapter 13 action, the debtor has elected to limit her remedies and rights available in the state courts and the Bankruptcy Court may not nullify this choice by finding that it would be equitable to the debtor and creditors to have their rights and remedies resolved in the Bankruptcy Court. *In re Gillion, supra,* 36 B.R. at 906.

**1.** *E.g., In re Vieweg,* 80 B.R. 838 (Bankr.E.D. Mich.1987); *In re Gaudet,* 61 B.R. 349 (Bankr.R. I.1986); *In re Powers,* 48 B.R. 120 (Bankr.M.D. La.1985); *In re Jacobs,* 43 B.R. 971 (Bankr.E.D. N.Y.1984).

For the foregoing reasons the court finds that the debtor has the right to dismiss his chapter 13 case notwithstanding the trustee's motion to convert. Therefore, upon a determination and payment of any appropriate administrative expenses this case will be ordered dismissed.

It is hereby ORDERED that a hearing shall be held on *Tuesday, May 16, 1989 at 2:30 p.m.* in Courtroom # 811 to determine the allowable administrative expenses.