

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JASON PHILIP POWELL,<br>                Debtor. | BAP No. NV-22-1014-FLB<br><br>Bk. No. 3:21-bk-50147-NMC |
| TICO CONSTRUCTION COMPANY INC.,<br>                Appellant,<br>v.<br>WILLIAM ALBERT VAN METER,<br>Chapter 13 Trustee; MELISSA HOOVEN,<br>FKA Melissa Powell; JASON PHILIP<br>POWELL,<br>                Appellees. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the District of Nevada
Natalie M. Cox, Bankruptcy Judge, Presiding

APPEARANCES:
Patrick Sean O'Rourke of Humphrey Law PLLC argued on behalf of
appellant; Michael G. Millward of Millward Law, Ltd. argued on behalf of
appellee Jason Philip Powell

Before: FARIS, LAFFERTY, and BRAND, Bankruptcy Judges.

FARIS, Bankruptcy Judge:

## INTRODUCTION

Jason Philip Powell sought to dismiss his chapter 13[1] bankruptcy case. Judgment creditor TICO Construction Company, Inc. ("TICO") objected, arguing that Mr. Powell did not have an absolute right to dismiss his case because he was abusing the bankruptcy process and was not eligible to be a chapter 13 debtor. TICO argued that the bankruptcy court should instead convert the case to one under chapter 7. The bankruptcy court disagreed with TICO's analysis and dismissed the case.

TICO appeals. We discern no error and AFFIRM.

We publish to explain that ineligibility to be a chapter 13 debtor does not deprive the debtor of the near-absolute right to dismiss the chapter 13 case.

## FACTS

### A. Prepetition events

TICO previously employed Mr. Powell as a senior project manager. In May 2000, it sued Mr. Powell and others in state court, alleging that he breached non-compete and non-disclosure covenants in his employment contract. According to TICO, Mr. Powell misappropriated trade secrets and information belonging to TICO and shared that proprietary information

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

with a new company that he had formed while working for TICO. Following arbitration, the state court entered judgment against Mr. Powell totaling $215,149.86, and TICO recorded the judgment against all of Mr. Powell's property in Washoe County, Nevada.

## B.    Mr. Powell's chapter 13 petition

Mr. Powell filed a chapter 13 petition. He scheduled secured debt totaling $789,501.44, including $215,629.86 owed to TICO (of which $53,129.86 was unsecured). He scheduled $87,000 of priority unsecured debt due to the IRS; he also included twelve additional creditors holding nonpriority unsecured claims of "unknown" amounts. Later, Mr. Powell filed amended schedules and increased his secured debt to $947,843.68, including $364,066.51 owed to TICO. His unsecured debt remained unchanged at $87,000, with numerous "unknown" amounts.

TICO challenged Mr. Powell's chapter 13 filing. TICO filed a proof of claim based on the state court judgment debt. It also filed an adversary complaint seeking to have its debt declared nondischargeable under §§ 523(a)(4) and (6). Among other things, TICO alleged that Mr. Powell attempted to shield his assets from creditors by transferring real property prepetition to his ex-wife, Melissa Hooven, through a marital settlement agreement.

TICO objected to Mr. Powell's homestead exemption for numerous reasons. Mr. Powell opposed the objection. TICO also filed a motion to value collateral, which Mr. Powell also opposed.

3

## C.  Mr. Powell's motion to dismiss

According to Mr. Powell, at this point, he claimed that he had had enough of the bankruptcy litigation. He filed a Motion for Voluntary Dismissal ("Motion to Dismiss") pursuant to § 1307(b). He cited *Nichols v. Marana Stockyard & Livestock Market, Inc. (In re Nichols)*, 10 F.4th 956 (9th Cir. 2021), for the proposition that a chapter 13 debtor has an absolute right to dismiss his case under § 1307(b), even in the face of allegations of bad faith or abuse of the bankruptcy process, so long as the case has not been previously converted.

TICO opposed the Motion to Dismiss. It argued that Mr. Powell engaged in abusive practices, namely, a "sham" divorce from Ms. Hooven orchestrated to transfer all non-exempt assets to her. TICO contended that the bankruptcy court should not encourage further wrongdoing by allowing him to dismiss his chapter 13 case. TICO also argued that Mr. Powell had too much unsecured debt to be a chapter 13 debtor: it calculated that Mr. Powell's unsecured debt totaled $557,139.06 (exceeding the limit of $419,275).[2] It cited *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 772 (2008), for the proposition that, if the debtor's debt exceeded the

---

[2] On the petition date, § 109(e) provided that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275 and noncontingent, liquidated, secured debts of less than $1,257,850 . . . may be a debtor under chapter 13 of this title." § 109(e).

statutory limits, the court could convert the case rather than dismiss it.

TICO took the position that *Nichols* was a "non-final" decision that was inapplicable because it did not concern the issue of Mr. Powell's eligibility to be a chapter 13 debtor.

TICO requested that the bankruptcy court convert the case to chapter 7 or 11, rather than dismiss it outright. It argued that conversion was in the best interests of the estate and creditors, because Mr. Powell's bad faith and fraud demonstrated the necessity of a chapter 7 trustee to prevent dissipation of estate assets. Alternatively, it requested that the court sanction Mr. Powell for his "improperly maintained" bankruptcy case.

Mr. Powell responded that, even if TICO could prove its claims of bad faith, he was still entitled to dismiss his case as a matter of right under *Nichols*. He also argued that it was not necessary for the court to determine his eligibility under § 109(e); there was no authority supporting TICO's position that a chapter 13 debtor exceeding the debt limits loses his absolute right to dismiss his case. Finally, he argued that he did not engage in bad faith or otherwise abuse the bankruptcy process.[3]

The bankruptcy court held a hearing and agreed with Mr. Powell, holding that "[b]ad faith and debt limits are irrelevant" to the debtor's right to voluntarily dismiss his case. It granted the Motion to Dismiss and denied TICO's request for sanctions. In its written order, the bankruptcy court

---

[3] Separately, Ms. Hooven disputed TICO's allegations of a "sham divorce" and fraudulent transfers.

5

explained that it was bound by the Ninth Circuit's *Nichols* decision and concluded that Mr. Powell had an absolute right to dismiss his chapter 13 case.

TICO timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in granting Mr. Powell's motion to voluntarily dismiss his chapter 13 case.

## STANDARD OF REVIEW

We review the bankruptcy court's decision to dismiss a case for an abuse of discretion. *See Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

## DISCUSSION

TICO urges us to reverse the bankruptcy court's decision allowing

Mr. Powell to voluntarily dismiss his chapter 13 case, because he was never properly a chapter 13 debtor. We disagree: *Nichols* makes clear that a chapter 13 debtor's absolute right to dismiss the case is subject only to the limitation set forth in § 1307(b); the statute does not limit that right based on chapter 13 eligibility.

**A. Section 1307(b) affords chapter 13 debtors an absolute right to dismiss their case, subject to a statutory exception.**

Mr. Powell sought to dismiss his case under § 1307(b). That section provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court **shall** dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." § 1307(b) (emphasis added).

There is a split of authority over whether § 1307(b) confers on debtors an absolute right to dismiss. Some courts have held that bad faith or an abuse of the bankruptcy process can preclude voluntary dismissal. *See Jacobsen v. Moser (In re Jacobsen)*, 609 F.3d 647, 660 (5th Cir. 2010) ("[A] bankruptcy court has the discretion to grant a pending motion to convert for cause under § 1307(c) where the debtor has acted in bad faith or abused the bankruptcy process and requested dismissal under § 1307(b) in response to the motion to convert."); *Mitrano v. United States (In re Mitrano)*, 472 B.R. 706, 710 (E.D. Va. 2012) ("This Court agrees with those courts holding that the right to dismissal upon request under § 1307(b) is limited to good-faith debtors."); *In re Johnson*, 228 B.R. 663, 668 (Bankr. N.D. Ill.

7

1999) ("[T]he better reasoned authorities hold that a debtor's right to voluntary dismissal of a Chapter 13 petition under § 1307(b) can be trumped under certain circumstances by a motion to convert under § 1307(c)."). Until recently, the Ninth Circuit adhered to this view. *In re Rosson*, 545 F.3d at 773 n.12 (holding that, under *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007), "even otherwise unqualified rights in the debtor are subject to limitation by the bankruptcy court's power under § 105(a) to police bad faith and abuse of process").

But, as the bankruptcy court correctly held, the Ninth Circuit's recent *Nichols* decision overruled *Rosson* and made clear that chapter 13 debtors have an absolute right to dismiss their case at any time, so long as the case had not been previously converted. In *Nichols*, the bankruptcy court denied the chapter 13 debtors' motion to dismiss, ruling that the debtors had abused the bankruptcy process by frustrating creditors during the pendency of criminal proceedings. 10 F.4th at 959. Instead, the court converted the case to chapter 7. We affirmed. *Id.*

On further appeal, the Ninth Circuit concluded that *Rosson*'s implied exception was no longer good law after the U.S. Supreme Court's decision in *Law v. Siegel*, 571 U.S. 415 (2014). It acknowledged *Law*'s holding that § 105 does not "allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code[.]" *In re Nichols*, 10 F.4th at 961 (quoting *Law*, 571 U.S. at 421). It concluded that *Law* clearly rejected the reasoning underpinning *Rosson*, so *Rosson* had been effectively overruled

8

and is no longer binding precedent. *Id.* at 961-62.

Accordingly, the Ninth Circuit held that "[s]ection 1307(b)'s text plainly requires the bankruptcy court to dismiss the case upon the debtor's request. There is no textual indication that the bankruptcy court has any discretion whatsoever." *Id.* at 963. It concluded that "§ 1307(b)'s text confers upon the debtor an absolute right to dismiss a Chapter 13 bankruptcy case, subject to the single exception noted expressly in the statute itself." *Id.* at 964.

**B.** **The bankruptcy court did not err in holding that Mr. Powell had an absolute right to dismiss his chapter 13 case.**

TICO argues that the bankruptcy court should not have allowed Mr. Powell to voluntarily dismiss his chapter 13 case because he exceeded the unsecured debt limit[4] and was not eligible to be a chapter 13 debtor with the absolute right to dismiss his case. Rather, TICO contends that the court should have treated Mr. Powell as a chapter 7 debtor and considered the best interests of the estate and creditors before it dismissed his case.

If accepted, TICO's arguments would create a new limitation, not found in § 1307(b), on the debtor's absolute right to dismiss a chapter 13 case. This is exactly what *Law* forbids. Nothing in the text of § 1307(b) limits voluntary dismissal to only "eligible" debtors. Rather, as discussed above,

---

[4] TICO argues that it presented the bankruptcy court with calculations showing that Mr. Powell's unsecured debt exceeded the unsecured debt limit in § 109(e). For purposes of this decision, we assume without deciding that Mr. Powell's unsecured debts exceeded the statutory debt limits.

*Nichols* makes clear that, absent the single statutory exception, a chapter 13 debtor has an absolute right to dismiss his case. Because Mr. Powell's case had not been converted from another chapter, the bankruptcy court did not err in allowing him to dismiss his case.

TICO offers no authority that directly supports its argument.[5] It relies on our decision in *FDIC v. Wenberg (In re Wenberg)*, 94 B.R. 631 (9th Cir. BAP 1988), *aff'd*, 902 F.2d 768 (9th Cir. 1990). But *Wenberg* cuts against TICO's position. It holds that § 109(e) eligibility is not jurisdictional, such that the bankruptcy court need not immediately dismiss an ineligible chapter 13 debtor's case; rather, an ineligible debtor may move to convert his case to chapter 7. *Id.* at 636-37. *Wenberg* does not limit a chapter 13 debtor's ability to convert his case under § 1307(a), so we see no reason why it would limit Mr. Powell's absolute right to dismiss his case under § 1307(b).[6]

---

[5] At least one court has denied a debtor's motion to dismiss based in part on his inability to qualify as a chapter 13 debtor under § 109(e). *In re Letterese*, 397 B.R. 507 (Bankr. S.D. Fla. 2008). But that ruling was based on the premise that § 109(e) eligibility goes to the question of bad faith. In that case, the bankruptcy court for the Southern District of Florida denied the debtor's motion to dismiss and granted the trustee's motion to convert because it determined in part that the debtor exceeded the statutory debt limit and lacked a regular income, so he did not meet § 109(e)'s eligibility requirements to be a chapter 13 debtor. *Id.* at 513. It held that "the Debtor was clearly not eligible to be a debtor in chapter 13 at the time of filing. This fact alone is *prima facie* evidence of bad faith." *Id.* at 514.

Unlike the Florida bankruptcy court, we are bound by *Nichols* and do not consider a chapter 13 debtor's alleged bad faith as a bar to voluntary dismissal.

[6] TICO relies on *In re Tatsis*, 72 B.R. 908 (Bankr. W.D.N.C. 1987), which we cited

10

TICO also cites a Fifth Circuit case, *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233 (5th Cir. 2000), for the proposition that the court cannot allow a debtor to "invoke the provisions of Section 1307" if the court is on notice that the debtor exceeded the unsecured debt limit. However, *Nikoloutsos* does not concern voluntary dismissal of a chapter 13 case under § 1307(b), but rather conversion **from** chapter 7 **to** chapter 13. *Id.* at 237. That decision has nothing to do with a chapter 13 debtor's right to voluntarily dismiss his case.[7]

---

in *Wenberg*, for the proposition that a chapter 13 debtor's right to dismiss his case ends when a party files a motion to convert the case. But the Ninth Circuit's *Nichols* decision is binding on us, while *Tatsis* is not. Additionally, many courts reach the opposite conclusion as *Tatsis* and hold that a chapter 13 debtor may voluntarily dismiss his case at any time, even if a party has already moved to convert the case to chapter 7. *See, e.g.*, *In re Mills*, 539 B.R. 879, 884 (Bankr. D. Kan. 2015) (granting the debtor's motion to dismiss because there is "no 'implicit exception' to the debtor's unqualified right of dismissal" and denying the trustee's motion to convert as moot); *In re Patton*, 209 B.R. 98, 102 (Bankr. E.D. Tenn. 1997) (holding that "the court is confident that Congress intended to provide Chapter 13 debtors with an absolute right to dismiss their case notwithstanding a competing motion to convert. . . . [T]he court is satisfied that the plain language of the statute, the legislative history, and the objectives and policies underlying the Bankruptcy Code persuasively establish Congress' intent that a debtor's right of dismissal trumps a creditor's right to convert under such circumstances"); *In re Sanders*, 100 B.R. 338, 341 (Bankr. S.D. Ohio 1989) (recognizing the debtor's absolute right to dismiss his case and holding he "has the right to dismiss his chapter 13 case notwithstanding the trustee's motion to convert").

[7] Many of TICO's cited cases similarly concern the effect of § 109(e)'s debt limits on a debtor's ability to convert to chapter 13, or to convert from chapter 13, but not a chapter 13 debtor's ability to dismiss his case. TICO repeatedly cites *In re Kwiatkowski*, 486 B.R. 409 (Bankr. E.D. Mich. 2013), but that case does not support its position. In that case, the bankruptcy court determined that the debtor exceeded the debt eligibility limits and denied confirmation of his chapter 13 plan. The court decided that it would allow the debtor to choose between conversion to chapter 7 or dismissal with a one-year

Finally, we are not swayed by TICO's argument that we must punish Mr. Powell for bad faith and abuse of the bankruptcy process. Recognizing that *Nichols* forecloses such an argument, TICO attempts to disclaim it; nevertheless, it repeatedly accuses Mr. Powell of bad faith. *Nichols* dictates that bad faith or abuse of the bankruptcy process does not deprive a chapter 13 debtor of his right to voluntarily dismiss his case. *Nichols* also recognizes that the bankruptcy court has other tools to address such abuse. *See In re Nichols*, 10 F.4th at 964. For example, it could impose a bar on refiling or other conditions under § 105.

## CONCLUSION

The bankruptcy court did not err in granting Mr. Powell's Motion to Dismiss. We AFFIRM.

---

bar on refiling. *Id.* at 421 ("[T]he Court will not deny Debtor the opportunity to convert this case to Chapter 7, if that is what Debtor decides he now wants to do. Nor will the Court deny the Debtor the opportunity to dismiss this bankruptcy case, if that is Debtor's choice."). The bankruptcy court was not considering a § 1307(b) voluntary motion to dismiss and did not prevent the debtor from dismissing his case.