### In re Karen Kay GILLION.

No. LR–C–83–587.

Bankruptcy No. LR 82–113.

United States District Court,
E.D. Arkansas, W.D.

November 30, 1983.

---

Jack Sims, Little Rock, Ark., for debtor.

A.L. Tenney, Trustee in Bankruptcy, Little Rock, Ark., for defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

The issue to be resolved in this appeal from the Bankruptcy Court for the Eastern District of Arkansas, Western Division, the Honorable Charles W. Baker, presiding, may be appropriately stated: whether a bankruptcy judge has discretion to deny a debtor's motion to dismiss his Chapter 13 proceeding prior to the entry of an order of conversion to a Chapter 7 proceeding.

The Court holds that prior to an order of conversion, a bankruptcy judge has no discretion in ruling on a debtor's motion to dismiss his Chapter 13 action.

### I.

The relevant facts are:

On February 9, 1982, Karen Kay Gillion (debtor), filed her original petition and plan under Chapter 13 of Title 11 U.S.C.

Debtor's plan proposed to make thirty-six monthly payments of $230.00 each to the Trustee for a projected pay-out of $7,799.29. The Trustee, under the plan, was authorized to make the following distributions:

1. Cost of administration—filing, attorney's and Trustee's fees—$1,269.03.

2. A secured claim of FHA, the regular monthly payment of $92.00 plus $23.00 per month until the default in previous monthly installments had been cured, but not exceeding thirty-four months.

3. Three secured creditors (Classification S–1) were designated to be paid pro rata from the total monthly sum of $69.00.

4. Unsecured creditors (Classification U) were scheduled to receive a monthly 10% dividend—$866.38. (If assets of debtor were liquidated and exemptions claimed, unsecured creditors would receive nothing).

Debtor's plan was confirmed by the Bankruptcy Court on April 13, 1982.

On October 8, 1982, debtor advised the Bankruptcy Court that debtor's homestead was destroyed by fire in May, 1982; that debtor had an insurance claim pending with Valley Forge Insurance Company and that the proceeds expected would be used to pay the claims of FHA, First National Bank of Conway and Sears. Debtor requested the Bankruptcy Court to reduce payments provided for under the plan to $115.00 monthly in light of the fact that monthly payments designated under the plan included payments to these creditors who would receive funds from the insurance settlement. On November 12, 1982, the Bankruptcy Court confirmed the requested modification.

Subsequent to the confirmation of the modification, debtor defaulted in payments under the modified plan and the Trustee moved the Court for an order dismissing debtor's Chapter 13 proceeding. During the hearing on the Trustee's motion to dismiss, debtor advised the Bankruptcy Court that settlement had been reached with the insurer with respect to the fire loss and that she could now comply with the terms of her

plan. Because of this assurance, the Trustee withdrew his motion to dismiss.

On May 27, 1983, debtor filed the following motion:

"That pursuant to 11 U.S.C. § 1307(b) debtor desires to have her Chapter 13 dismissed."

On June 2, 1983, the Trustee filed his motion to convert this proceeding to Chapter 7 action stating:

1. The debtor herein has filed a motion to dismiss her Chapter 13 case.

2. The plan of the debtor herein filed February 9, 1982, provided for payment in full to two secured creditors and a ten percent dividend to unsecured creditors. The schedule filed reflect a value of $998.00 in personal property, all of which was either encumbered or claimed exempt under Arkansas law.

3. Thereafter the debtor's home and its contents were destroyed by fire. A proposed settlement with Valley Forge Insurance Company was submitted which provides, inter alia, that Ms. Gillion was to receive $11,300.00 for damage to the contents of the dwelling, that $2,247.23 of this amount was to be paid to A.L. Tenney, Trustee, and that the balance of the $11,300.00 was to be paid to the debtor.

4. Your petitioner would not agree to the proposed settlement for the reason that the sum to be paid to the debtor exceeded the amount allowable for personal property exemption under applicable law but did advise the parties that your petitioner would agree to the settlement provided the $11,300.00 portion of the settlement for the contents of the dwelling be paid to me to hold until the court could determine the rights of the debtor and the creditors to this portion of the settlement.

5. Thereafter the debtor herein filed a motion to dismiss her Chapter 13 case.

6. It is in the best interest of the creditors that this case be converted to a Chapter 7 proceeding pursuant to 11 U.S.C. § 1307(c).

On June 10, 1983, debtor filed her motion to strike the trustee's application for conversion to a Chapter 7, alleging:

1. That the standing Trustee is not a "party in interest" under the terms of 11 U.S.C. § 1307(c) and has no standing to apply for a conversion of this case.

2. That this case has not been converted and under § 1307(b) debtor has an absolute right to dismiss this case upon her motion, which has been filed.

On July 21, 1983, the bankruptcy judge made the following findings and conclusions of law:

This Court also concludes that while 11 U.S.C. § 1307(b) gives the debtor the right to dismiss the Chapter 13 proceeding at any time, that section must be read in conjunction with 11 U.S.C. § 1307(c) which confers upon the Court the discretion to dismiss or convert. This case clearly illustrates the basis for this conclusion. The debtor sought and used this Court to restrain her creditors for several months while negotiating with her insurance carrier, even resisting the trustee's motion to dismiss, then, when a tentative settlement was reached and the trustee insisted that the rights of creditors to the proceeds should be determined by this Court, filed a motion to dismiss her case. To grant the debtor's motion to dismiss would be contrary to the spirit and purpose of this Chapter 13 and clearly not in the best interest of the creditors. The likely result will be a multiplicity of litigation in state court resulting in the more aggressive and quicker acting creditors being rewarded and the bulk of the creditors receiving nothing. Such was not the intent of Congress.

The Bankruptcy Code, Section 1325(a), has eliminated the right of creditors to vote on confirmation of a Chapter 13 case and has charged the Court with the responsibility to determine that the best interest of creditors has been met and Section 1307(c) continues the responsibility to see that the best interest of creditors is protected upon termination of a Chapter 13 case. Accordingly the case

should be converted to a Chapter 7 proceeding.[1]

On July 21, 1983, the Bankruptcy Court 31 B.R. 550 entered its order converting debtor's Chapter 13 proceeding to a Chapter 7 action. On August 2, 1983, this Court entered the following order:

Petitioner's motions for writ of mandamus and injunctive relief praying an order restraining the bankruptcy court for the Eastern District of Arkansas, Honorable Charles Baker, Bankruptcy Judge, from converting petitioner's Chapter 13 proceeding to a Chapter 7 proceeding came on for hearing this 2nd day of August, 1983. From said motions, testimony of petitioner, arguments and observation of counsel, the Court finds:

1. Petitioner's request for mandamus and injunctive relief should be denied. However, petitioner's pleadings should be treated by the Court as an application for leave to appeal the bankruptcy court's order of July 21, 1983, which denied petitioner's motion to dismiss her Chapter 13 proceeding, but granted the trustee's motion to convert the proceeding to a Chapter 7 action. The order of July 21, 1983 is interlocutory as opposed to being final. See: 11 U.S.C. Section 1307(b) and (c); 28 U.S.C. Section 1334(b) and Interim Bankruptcy Rule 8004.

2. That the Court has taken into consideration the following in determining that this interlocutory appeal is appropriate:

a. The bankruptcy court's decision involves a controlling question of law in which there is substantial room for difference of opinion;

b. An immediate appeal from the order may materially advance ultimate termination of the litigation;

(c) The question presented for resolution appears to be one of the first impression in this district;

d. The absence of the likelihood of any undue interference by this Court with any ongoing proceeding in the bankruptcy court;

e. Petitioner has demonstrated a substantial likelihood that she will prevail on her appeal;

f. Petitioner has demonstrated that she will suffer irreparable harm unless interlocutory appeal is allowed;

g. The potential injury to petitioner if appeal is not allowed outweighs the potential injury to others if appeal is allowed;

h. Interlocutory appeal is not adverse to either the public interest or any proceeding pending before the bankruptcy court.

3. The bankruptcy court's order of July 21, 1983, should be stayed pending appeal. This action is scheduled for final disposition on September 6, 1983 at 9:30 a.m.

## II.

Title 11 U.S.C. § 1307 provides in relevant part:

(a) The debtor may convert a case under this chapter ... to a case under chapter 7 of this title ... at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) *On request of the debtor at any time if the case has not been converted under section 706 or 1112 of this title ..., the court shall dismiss a case under this chapter .... Any waiver of the right to dismiss under this subsection is unenforceable.* (Emphasis added).

(c) Except as provided in subsection (e) of this section, on request of a party in interest and after notice and a hearing, the court *may convert* a case under this chapter ... to a case under chapter 7 of this title ..., or may dismiss a case under this chapter ..., whichever is in the best

---

1. The bankruptcy judge also found that the Chapter 13 Trustee is a party in interest and has standing to move for conversion of a Chapter 13 proceeding to a Chapter 7 action. This question is not before the Court. Neither the Trustee nor the debtor has addressed the question of standing. Moreover, the Court is of the view that it is not necessary that this issue be addressed in order to resolve the issue tendered for review.

interests of creditors and the estate, for cause, including—

>    (1) unreasonable delay by the debtor that is prejudicial to creditors;
>    (2) nonpayment of any fees and charges required under chapter 123 of title 28 . . .;
>    (3) failure to file a plan timely under section 1321 of this title . . .;
>    (4) denial of confirmation of a plan under section 1325 of this title . . . and denial of additional time for filing another plan or a modification of a plan;
>    (5) material default by the debtor with respect to a term of a confirmed plan;
>    (6) revocation of the order of confirmation under section 1330 of this title . . ., and denial of confirmation of a modified plan under section 1329 of this title . . .; and,
>    (7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan. (Emphasis supplied).

.     .     .     .     ,  .

(e) The court may not convert a case under this chapter . . . to a case under chapter 7 or 11 of this title . . . if the debtor is a farmer, unless the debtor requests such conversion.

From the plain and ordinary meaning of the language contained in § 1307(b), the Court is persuaded that a Chapter 13 debtor has an absolute right to dismiss his action prior to the conversion of such proceeding to a Chapter 7 liquidation proceeding. This conclusion is further buttressed from the recognition of the clear and forceful socio-economic policy envisioned by Congress in the Bankruptcy Code which encourages the payment of debts under a Chapter 13 proceeding as opposed to liquidation. For example, "only an individual with regular income and such individual's spouse . . . may be a debtor under Chapter 13 . . .[,]"

§ 109(e), while under the previous law, "an individual whose principal income is derived from wages, salary or commission [2] was eligible to file a wage earner's plan under Chapter 13; the consent of unsecured creditors is no longer required before a debtor's Chapter 13 program may be confirmed by the Bankruptcy Court, § 1325(a)(4); under current provisions, a Chapter 13 debtor is permitted to "cram down" the secured creditors, § 1325(a)(5)(B); more frequent filings, modification of secured claims and the expansion of discharge provisions are provided for than under the prior law; and a debtor must provide, in his plan, for payment of secured creditors to the extent that, at least, they would be considered had the debtor elected a Chapter 7 proceeding. *See, In the Matter of John L. Hearn,* 18 B.R. 605 (Bkrtcy.1982).

Given these fundamental changes in the current Chapter 13 provision, the inescapable conclusion is that in order to foster and promote the use of Chapter 13 proceedings, Congress perceived that a debtor should be afforded the uninhibited freedom to avoid liquidation if he elects to do so before the conversion of his Chapter 13 proceeding.

The Court is also convinced that the legislative history of Chapter 13 amply supports the Court's conclusion. (Cf. H.Rep. 95–595, 95th Cong., 1st Sess. (1977) 428, U.S.Code Cong. and Admin.News 1978, p. 5787); S.Rep. 95–989, 95th Cong., 1st Sess. (1977) 141, U.S.Code Cong. and Admin.News 1978, p. 5787).

The bankruptcy judge in reaching the conclusion that appellant's Chapter 13 proceeding should be converted to Chapter 7, while recognizing that § 1307(b) gives the debtor the right to dismiss his Chapter 13 action at any time, construed § 1307(b) in conjunction with § 1307(c). In other words, the Bankruptcy Court considered §§ 1307(b) and 1307(c) *in pari materia.*[3]

---

**2.** Under the current law, individual proprietors, welfare and social security recipients and persons with fixed pensions are eligible to file under Chapter XIII.

**3.** The specific purpose of § 1307(b) is stated: "On request of the debtor at any time if the

case has not been converted . . ., the court *shall* dismiss a case under this chapter.

    The stated purpose of § 1307(c) is to afford the court discretion, on request of a party in interest and after notice and a hearing, to convert a Chapter 13 proceeding to a Chapter 7

But an analysis of §§ 1307(b) and 1307(c) discloses that the two sections are not designed to accomplish a singular and common purpose. On the contrary, each is intended to accomplish an objective separate and apart from the other. Therefore, they should not have been construed *in pari materia*. Sutherland Statutory Construction, 4th Edition, § 51.03 provides:

"[Sections of a statute] are considered to be *in pari materia* . . . when they . . . have the same purpose or object."

Moreover, the use of a mandatory verb in § 1307(b), *"shall"* and a directory verb in § 1307(c), *"may"* by Congress creates a fair inference that Congress realized the difference in meaning and intended that the verbs used should carry with them their ordinary meaning. Thus, in § 1307(c) it is clear the provision is permissive and in § 1307(b) it is compulsory. *See,* Sutherland Statutory Construction, 4th Edition, § 57.-11.

Finally, the Bankruptcy Court concluded that to dismiss debtor's Chapter 13 proceeding pursuant to her request would be contrary to the spirit and purpose of Chapter 13 and "clearly not in the best interest of the creditors. The likely result will be a multiplicity of litigation in state court resulting in the more aggressive and quicker acting creditor being rewarded and the bulk of the creditors receiving nothing."

In short, the answer to the Bankruptcy Court's concern here is that when confronted with a motion to dismiss before there has been a conversion, a Bankruptcy Court has no authority to convert a Chapter 13 even though the Court may believe that it would be in the best interest of creditors to do so. Moreover, it is plain that upon the dismissal of debtor's Chapter 13 proceedings, creditors may proceed immediately against the debtor in state court. By electing to dismiss her Chapter 13 action, the debtor has elected to limit her remedies and rights available in the state courts and the Bankruptcy Court may not nullify this choice by finding that it would be equitable to the debtor and creditors to have their rights

action, which is in the best interest of creditors

and remedies resolved in the Bankruptcy Court.

Accordingly, the order of the Bankruptcy Court of July 21, 1983, converting debtor's Chapter 13 to a Chapter 7 action is vacated, set aside and the debtor's proceeding is dismissed.