**In re Robert A. VIEWEG, Debtor.**

**Bankruptcy No. 87–03835–G.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Dec. 22, 1987.

Robert A. Vieweg, pro se.

Lynn L. Augspurger of Jenkins, Augspurger, Reebel, Zameck & Rowe of Southfield, Mich., and Richardo L. Kilpatrick of Shermeta, Chimko, Kilpatrick, P.C. for Augspurger & Croll, P.C.

## MEMORANDUM OPINION

RAY REYNOLDS GRAVES,
Bankruptcy Judge.

This case is before the Court on the motion of an unsecured creditor to convert Robert Vieweg's chapter 13 case, No. 87–03835–G, to a chapter 7 liquidation proceeding under the "for cause" provision of 11 U.S.C. § 1307(c) as well as §§ 1307(c)(1), (3) and (4). The Court also has before it Debtor's Motion to Dismiss under § 1307(b) which the Court took under advisement on August 26, 1987. After considering the facts presented through testimony, the exhibits offered at the hearing, and the Court's examination of Debtor's several bankruptcy files, the Court makes the following findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

Debtor sought the protection of the bankruptcy court on June 25, 1987 under chapter 13 of the Bankruptcy Code. This is the seventh related case which Debtor, an attorney with more than twenty years' experience including practice before this and other bankruptcy judges of the Eastern District of Michigan, has filed since 1982. To initiate the current case, Debtor paid the filing fee and submitted a list of creditors as required for acceptance of a "short petition." Bankruptcy Rule 1007. The case was assigned to this Court, and on the following day we issued a form order directing the debtor to file all documents required to proceed in chapter 13 within fifteen days. (No. 87–03835–G, Docket # 3). Because Debtor did not comply with that order, we issued another form order, this time ordering Debtor to appear before the Court on August 26, 1987 to explain why he should not be sanctioned or have his case dismissed for failure to file the required documents.

Debtor did not appear in response to the court's order. Instead, just minutes before the scheduled hearing, he filed a request to dismiss the chapter 13 petition under 11 U.S.C. § 1307(b). He did this without notice to the chapter 13 Trustee or any other party in interest. Instead of granting the motion, this Court took the Debtor's request under advisement in order to review his conduct toward creditors in this and previous cases. On September 1, 1987, an unsecured creditor filed a motion to convert as permitted by 11 U.S.C. § 1307(c); he notified the Trustee and Debtor of the hearing scheduled for October 2, 1987 as required by Bankruptcy Rules 1017(d), 9014, and L.B.R. 112 (E.D.M.). The first question presented is whether the Court must automatically grant Debtor's § 1307(b) motion, mooting the § 1307(c) motion, or whether the Court may deny the

§ 1307(b) motion and grant the motion to convert.

Debtor argues that Title 11 permits him to file chapter 13 petitions and dismiss them under § 1307(b) as frequently as he wishes and that the creditor's motion to convert is moot, Debtor's dismissal having become effective on August 26, 1987. The language of § 1307(b) appears to be clear and unambiguous in saying that "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter." However, the section does not govern the time or manner by which the court must act.

The Bankruptcy Rules and Local Court Rules delineate the procedures employed in the bankruptcy courts. Bankruptcy Rule 1017(d), as amended in August of 1987, specifies that "dismissal pursuant to ... 1307(b) shall be on motion filed and served as required by Rule 9013." The new Advisory Committee Note states that Rule 1017(d) was "amended to provide that dismissal or conversion ... pursuant to 1307(b) is not automatically a contested matter under Rule 9014." It further states, "[n]o hearing is required on these motions unless the court directs."

Under Bankruptcy Rule 9013, "[e]very written motion other than one which may be considered ex parte shall be served by the moving party on the trustee ... and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs."

Motion practice in the Bankruptcy Court of the Eastern District of Michigan is governed by L.B.R. 112. Each motion is to be accompanied by a notice of hearing and a notice to "respondent" of the fifteen day time limit on the service of responses. L.B.R. 112(b)(1)(2) (E.D.M.). The Debtor complied with neither the Rules promulgated to implement Title 11 nor the Local Bankruptcy Rules of the Eastern District of Michigan.

Title 11 prohibits its use for 180 days by one whose case is dismissed by the court for willful failure to follow court orders or for failure to appear before the court. If dismissal were mandatory and effective upon filing of a debtor's dismissal request, a bankruptcy judge would not be able to restrict that debtor's ability to file a subsequent petition as provided in 11 U.S.C. 109(g). Neither would the bankruptcy judge be able to enter appropriate orders to vary the effect of dismissal as set forth by 11 U.S.C. § 349(b). Judge Emil F. Goldhaber, Eastern District of Pennsylvania, has held that he may delay entry of an order granting a debtor's § 1307(b) motion to enter protective orders "for cause" under § 349. *In re Merritt*, 39 B.R. 462 (Bankr.E.D.Pa.1984).

At least one court has said, however, "the inescapable conclusion is that ... Congress perceived that a debtor should be afforded the uninhibited freedom to avoid liquidation if he elects to do so before the conversion of his Chapter 13 proceeding." *In re Gillion*, 36 B.R. 901 (E.D. Arkansas 1983). *In Gillion* the debtor filed her petition and plan, later requesting a modification of the plan because of changed circumstances. Despite the modification Debtor defaulted, and the chapter 13 Trustee moved to dismiss. The debtor successfully argued a continuing intent to meet the plan's requirements, and the Trustee withdrew his motion. 36 B.R. at 901. Later the debtor moved to dismiss under § 1307(b). In response, the Trustee sought conversion to chapter 7.

The District Court reversed the bankruptcy judge's decision to grant the § 1307(c) motion in the face of the conflicting § 1307(b) motion. The District Court judge reasoned that by using "shall" in § 1307(b) and "may" in § 1307(c), Congress had precluded conversion when the debtor preferred dismissal. 36 B.R. at 906. The judge further reasoned that "creditors may proceed immediately against the debtor in state court. By electing to dismiss her chapter 13 action, the debtor has elected to limit her remedies and rights [sic] available in the state courts and the Bankruptcy Court may not nullify this choice by finding that it would be equitable to the debtor and

creditors to have their rights and remedies resolved in the Bankruptcy Court." 36 B.R. at 906.

This Court prefers an analysis which harmonizes §§ 1307(b) and (c). Clearly the Congress contemplated that for some reasons, and it listed several but not all in § 1307(c), "a party in interest" could request and receive an order of conversion upon presentation of proper proofs and under some burden of persuasion. To say Congress intended that a debtor could thwart a creditor's opportunity even to present his proofs by filing a motion to dismiss, thus relegating the creditor to pursuit of his remedies in yet another forum, a state court, defies reason. Congress included no expressly stated good faith requirement for filing a chapter 13 petition. With such an unfettered ability to dismiss as could follow from an extension of the *Gillion* court's analysis, a debtor could invoke the automatic stay to effectively and indefinitely prevent secured and unsecured creditors from collecting legitimate debts in counties with the heavy docket currently existing in Wayne and Oakland Counties in the State of Michigan. This Court, therefore, is unable to adopt an interpretation of the Code which mandates recognition of a debtor's motion for voluntary dismissal despite the counter-motion of a creditor under § 1307(c).

 Debtors may invoke the protection of the bankruptcy court and restructure their financial obligations under chapter 13. The Bankruptcy Code also provides a method for creditors subjected to the jurisdiction and restrictions of the federal court system and chapter 13 to force a debtor who actually qualifies for a chapter 7 liquidation proceeding to settle his obligations under the more restrictive chapter 7. This Court concludes that when a motion to convert is filed prior to the court's entry of a § 1307(b) dismissal order, a hearing should be allowed, as permitted by Bankruptcy Rule 9013, to consider the merits of the two motions. We do not see this as a conflict between §§ 1307(b) and (c). The Court finds that it does have the authority to grant a motion to convert despite the presence of a debtor's motion to dismiss. The question now becomes what conditions justify the decision and what burden of proof the party seeking relief must meet.

Section 1307 of Title 11 sets forth the reasons for which the Court may grant a motion to convert. They are in pertinent part:

> (a) The Debtor may convert a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

> . . . . .

> (c) Except as provided in subsection (e) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—

>> (1) unreasonable delay by the debtor that is prejudicial to creditors;

> . . . . .

>> (3) failure to file a plan timely under section 1321 of this title;

>> (4) failure to commence making timely payments under section 1326 of this title;

 A creditor seeking dismissal or conversion under § 1307(c) over the objection of a debtor preferring a § 1307(b) voluntary dismissal must show, by a clear and convincing presentation of evidence, that "cause" exists to warrant the relief requested despite the debtor's conflicting motion. As well as making a compelling showing of "cause," the petitioner must convince the bankruptcy judge that it is "in the best interests of creditors and the estate" that the debtor settle his financial obligations in the bankruptcy court rather than by state law methods, the natural consequence of a debtor's voluntary dismissal. In opposing a debtor's § 1307(b) motion, a creditor might also argue that Bankruptcy Rule 9011 sanctions should accompany the dismissal. Alternatively, a creditor might ask the court to dismiss the petition "with prejudice" in order to invoke

prohibitions on subsequent filings under 11 U.S.C. §§ 349(a) and 109(g)(1).

The petitioning creditor in the case at bar contends that Debtor has benefitted from and abused the bankruptcy process and has frustrated his and other creditors' efforts to pursue legitimate claims for almost five years without evidencing genuine intent to restructure his debt and repay his creditors through a chapter 11 or chapter 13 plan. He argues that Debtor has used the bankruptcy court solely for the purpose of preventing creditors from using state court remedies to pursue their claims. Petitioner asserts that, if permitted to dismiss under § 1307(b), Debtor will again manipulate the Code to avoid creditors rather than pay them. To support his arguments he invites this Court to examine debtor's own bankruptcy files.

Debtor's first case, a 1981 chapter 13 proceeding was dismissed on June 12, 1985 for failure to comply with his plan. (No. 82–06838–G, Docket # 57 and 59). One month later, on July 16, Debtor filed a voluntary chapter 11 petition as president and attorney for A–V Dispute Resolution, Inc. (No. 85–02369–B, Petition). He declared, by signing the petition under penalty of perjury, that no social security number and no employer's tax identification number had been obtained for the corporation. He listed the corporation's assets as approximately $100,0000 (sic) and liabilities as $15,000 (disputed), but secured and held by one entity. Further, he declared himself to be the sole owner of A–V Dispute Resolution, Inc. In a Motion to Convert filed by the only creditor, (No. 85–02369–B, Docket # 14), a Bill of Sale signed by Debtor on July 16, 1985 purports to convey "all the personal property of the Vendor (Debtor) owned on April 26, 1985 to A–V Dispute Resolution, Inc. for one ($1.00) dollar." That case was dismissed with an accompanying judgment and order of sanctions for bad faith in June of 1987, just days before Debtor filed the chapter 13 petition at issue here. (No. 85–02369–B, Docket # 43 and # 44).

On October 28, 1985, three months after initiating the chapter 11 proceeding as the sole owner of A–V Dispute Resolution, Inc., Debtor filed a chapter 13 petition in his own name. (No. 85–03728–G, Petition). He filed no accompanying documents, and the Court issued its form order compelling compliance with the Code on the following day. In response, Debtor requested and received a ten day extension. On November 14, 1985 a secured creditor asked the Court to lift the stay to allow it to proceed with a foreclosure sale of the debtor's home originally scheduled for October 29, 1985. (No. 85–03728–G, Docket # 6). On January 15, 1986, shortly before the hearing scheduled on that motion, Debtor signed and filed a chapter 13 statement declaring under penalty of perjury that he had made no gifts other than ordinary presents to family and charities. He failed to acknowledge the security interest given on April 26, 1985 or the sale of his personalty to A–V Dispute Resolution, Inc. on July 16, 1985. (No. 85–02369–B, Docket # 14; No. 85–03728–G, chapter 13 statement at page 5). Over Debtor's objection, the Court lifted the stay on January 22, 1986, and the mortgagee sold the house. The Court dismissed Case No. 85–03728–G, on the motion of the creditor bringing the current motion, on April 29, 1986. (No. 85–03728–G, Docket # 48).

The next related case, a chapter 7 proceeding, was filed in the name of Debtor's wife on August 6, 1986. (No. 86–03873–B). Debtor acknowledged, in open court, at the hearing on the pending Motion to Convert held on October 2, 1987 that he signed his wife's name without her authority or knowledge although the petition, Exhibit "B", does not indicate this. (No. 86–03873–B Docket # 1). A secured creditor called the court's attention to the fact that Debtor's house had been sold at foreclosure sale on February 7, 1986. Further, he pointed out that the filing by Debtor's wife came one day prior to the expiration of the redemption period on the sheriff's deed held by the mortgagee. M.C.L.A. § 600.3240; (No. 86–03873–B, letter of August 15, 1986). Debtor petitioned the Court to convert his wife's case to a chapter 13 proceeding on October 15, 1986. (No. 86–03873–B, Docket # 8). The Court

dismissed the chapter 13 case for failure to file documents on December 6, 1986. (No. 86–03873–B, Docket # 23).

Meanwhile, Debtor had filed a chapter 13 petition in his own name on October 6, 1986. (No. 86–04976–G). The Court issued a form order for Debtor to file the documents required for continuing the case on the following day. When Debtor failed to file the papers, the Court issued its order for the Debtor to appear in court to explain why he should not be sanctioned or have his case dismissed. Debtor did not appear, and this Court dismissed the case without prejudice. (No. 86–04976–G, Docket # 7). On December 5, 1986 Debtor petitioned this Court for a rehearing of its dismissal order saying that he had filed schedules with insufficient copies of the plan on November 19, the date scheduled for the show cause hearing. (Docket # 9). This Court denied Debtor's motion for rehearing on December 24, 1986. (No. 86–04976–G, Docket # 11).

■ The Court now considers Debtor's current chapter 13 petition filed on June 25, 1987. (No. 87–03835–G). An unsecured creditor asserts in his Motion to Convert, at page one, that Debtor willfully failed to submit a complete list of creditors, therefore precluding notice of court proceedings to some creditors including petitioner. Debtor declared, on his Voluntary Petition, again under penalty of perjury, that he intended to file a plan to reorganize under chapter 13 although he included no schedule of liabilities, chapter 13 statement, or chapter 13 plan. Debtor listed only one prior case, chapter 13 Case No. 85–03728–G, on the Bankruptcy Petition Cover Sheet which accompanied his June 25, 1987 petition despite the fact that Chief Judge George Brody of the Eastern District of Michigan had dismissed with sanctions, only three days earlier, the chapter 11 case filed by Debtor as president, sole shareholder, and attorney for A–V Dispute Resolution, Inc.

After learning of Debtor's filing on June 25, Judge Steven Rhodes, also of the Eastern District of Michigan, issued an order holding contempt proceedings against Debtor in abeyance. (*In re Rewoldt*, No. 82–02837–R Order of June 26, 1987). The circumstances surrounding that order are as follows. On June 18, 1987 Judge Rhodes entered an order for Debtor to appear and answer why he should not be held in contempt for failure to comply with a Judge Rhodes' order to deliver $93,881.81 to the Trustee of the Rewoldt case in which Debtor had served as Special Counsel to the Trustee. On the date set for the hearing, Debtor filed the pending chapter 13 petition and informed the parties and Court of his most recent bankruptcy case, thus invoking 11 U.S.C. § 362. Not until August 4, 1987 was an Order Vacating the Automatic Stay as to that claimant obtained from this Court. (No. 87–03835–G, Docket # 10).

It is against this set of facts that this Court considers the Motion to Convert and the Motion for Voluntary Dismissal, without sanctions, in juxtaposition. We have no difficulty in finding that Robert Vieweg has used the bankruptcy laws and procedures to his advantage for nearly five years without demonstrating any intent to comply with court orders or restructure his debt and repay his creditors while under the protection of the bankruptcy court. We are persuaded that Congress did not intend that chapter 13 petitions should or could be filed and dismissed at will with no recourse to creditors.

Filing a chapter 13 petition subjects creditors and debtors alike to the jurisdiction of the bankruptcy court. A debtor's petition is not dismissed until the bankruptcy judge assigned to the case enters an order. The bankruptcy judge may hold a motion to dismiss under § 1307(b) to enter an order of sanctions under Bankruptcy Rule 9011, an order under 11 U.S.C. 349 or § 109(g). In appropriate circumstances, after an evidentiary hearing, the Court may grant a motion to convert the chapter 13 case to a chapter 7 liquidation proceeding in the presence of a debtor's motion to dismiss. This Court finds that the petitioning creditor has demonstrated that the appropriate circumstances exist in this case. Accord-

ingly, the chapter 13 proceeding of Robert Vieweg is converted to chapter 7.