**In re Dennis Monell SMITH, et al.**

**Civ. A. No. 87–766–N.**

United States District Court,
E.D. Virginia,
Norfolk Division.

May 3, 1988.

John L. Smith, Jr., Chesapeake, for debtor.

David R. Levin, Portsmouth, Va., Chapter 13–Standing Trustee.

**730**

John E. Waites, Norfolk, Va., U.S. Trustee.

## ORDER

DOUMAR, District Judge.

This case has been appealed from the Bankruptcy Court decision dismissing the debtors' petition because of the debtors' late payment under their Chapter 13 plan pursuant to a holding that the Bankruptcy Court lacked discretion under Section 1307(c) to excuse late payment. On appeal, this Court must determine whether Section 1307(c) of the Bankruptcy Code provides the Bankruptcy Judge with discretion to excuse late Section 1326 payments or whether such late payments require the Court, as a matter of law, to dismiss the debtors' Chapter 13 petition.

On March 26, 1987, the debtors filed a petition under Chapter 7 of the Bankruptcy Code which was later converted to a Chapter 13 petition pursuant to the debtors' motion. Subsequently, the debtors filed the statements and plan as required under Chapter 13. Under Section 1326 of the Bankruptcy Code, the debtors were required to commence making the payments proposed under the plan on July 1, 1987. However, due to confusion and the apparent neglect of the debtors, the first payment was not made until July 13, 1987.

On August 4, 1987, the Bankruptcy Court held a confirmation hearing on the debtors' Chapter 13 plan. At the hearing, the Trustee objected to confirmation on several grounds, including the trustee's assertion that the petition should be dismissed under Section 1307(c) because of the debtors' failure to make the required payment by July 1, 1987.

Although the other grounds for dismissal advanced by the trustee proved unavailing, the Bankruptcy Judge apparently ruled

that he did not have discretion to excuse late Section 1326(a) payments [1] and was therefore compelled as a matter of law to dismiss the case under Section 1307(c).

Section 1307(c) is an enforcement provision of the Bankruptcy Code and provides that "the Court *may* convert ... or *may* dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including ... failure to commence making timely payments under Section 1326 of this title...." 11 U.S. C. § 1307(c) (emphasis added).

Although Section 1307(c) utilizes the permissive word "may" rather than mandatory language, the trustee relies upon the mandate of Section 1326(a), the substantive provision requiring payment, in asserting the mandatory nature of the payment requirement. Section 1326(a) provides that "[u]nless the court orders otherwise, the debtor *shall* commence making the payments proposed by a plan within 30 days after the plan is filed." 11 U.S.C. § 1326(a)(1) (emphasis added).

Clearly, Section 1326(a) does not leave payment to the discretion of the debtor, but mandates that payment commence within the time limit. However, the enforcement provision, Section 1307(c), is not addressed to the debtor but to the court. Simply because the *debtor* does not have discretion does not mean that the *judge* is without discretion to excuse late payment. Moreover, the trustee has not cited a single case which authoritatively supports his position.

Indeed, the case law appears unanimous in holding that Congress intended dismissal under Section 1307(c) to be discretionary. *In re Green*, 64 B.R. 530 (Bankr. 9th Cir. 1986); *In re Sando*, 30 B.R. 474 (E.D.Pa. 1983); cf. *In re Gillion*, 36 B.R. 901 (E.D. Ark.1983); *In re Benediktsson*, 34 B.R. 349 (Bankr.W.D.Wash.1983). The Court is

---

1. During a September 21, 1987 hearing on a motion in this case, the Bankruptcy Judge indicated that failure to commence payment on time under *Section 1326(a) would result in "sudden death" to the debtors' case.* (September 21, 1987 T–5). Further, at the confirmation hearing, the Judge indicated that "the Court denies confirmation, and that's without prejudice, be-

cause the payment was not made within 30 days. I just don't think I have any choice, Mr. Smith. I invite somebody to appeal." (Aug. 4, 1987 T–5).

The Court reads these statements to indicate that the Judge felt he had no discretion to excuse the late payment.

persuaded by *Gillion,* wherein the court stated that

> [U]se of a mandatory verb in § 1307(b), '*shall*' and a directory verb in § 1307(c), '*may*' by Congress creates a fair inference that Congress realized the difference in meaning and intended that the verbs used should carry with them their ordinary meaning. Thus, in § 1307(c) it is clear the provision is permissive and in § 1307(b) it is compulsory.

*Gillion,* 36 B.R. at 906.

Accordingly, the Court finds that Congress' permissive wording of § 1307(c) evidences their intent to leave dismissal under § 1307(c) within the discretion of the Bankruptcy Judge. Therefore, the Bankruptcy Judge, in his discretion, may either excuse or not excuse late § 1326(a) payments. The Court notes further that such late payment is specifically listed under § 1307(c) as an adequate "cause" for dismissal and as such, the Bankruptcy Court clearly may dismiss this case for late payment, but only after the Bankruptcy Judge exercises his discretion.

Because the Court has concluded that the Bankruptcy Judge dismissed this case without exercising his discretion to excuse or not to excuse late payment, the Bankruptcy Court's order dismissing this case under § 1307(c) is VACATED and the case is REMANDED for further proceedings consistent with this opinion.

The Clerk is DIRECTED to send a copy of this order to the debtors, to counsel for the debtors, to the United States Trustee, and to the United States Bankruptcy Judge.

IT IS SO ORDERED.