**In re Gale E. WILLIAMS.**

**Bankruptcy No. 98–41838 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

July 23, 1998.

---

Eudox Patterson, Hot Springs, AR, for Plaintiff.

Marc Honey, Hot Springs, AR, for Defendant.

### ORDER GRANTING MOTION TO WITHDRAW MOTION TO DISMISS

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a particularly egregious attempt to unfairly manipulate the Bankruptcy Code and Rules. This bankruptcy case was filed on April 14, 1998, by the filing of an incomplete chapter 13 petition. On June 15, 1998, the creditor Norma Hendrix filed a motion for relief from stay. Hearing was noticed, scheduled and set for July 7, 1997, a date within thirty days of the motion, as required by the Bankruptcy Code, 11 U.S.C. § 362. The debtor filed a response to the motion on June 19, 1998, which response indicates that the debtor was aware of the nature of the issues to be presented, including valuation of the property which is the subject of the motion.[1]

On July 7, 1998, at the 1:00 p.m. docket, the matter was called for hearing. The Court noted the appearances of counsel,[2] and, before any other words were spoken, the debtor orally moved to voluntarily dismiss the chapter 13 case. *See In re Gillion,* 36 B.R. 901 (W.D.Ark.1983) (chapter 13 debtor has right to dismissal prior to conversion); *cf. Graven v. Fink (In re Graven),* 936 F.2d 378 (8th Cir.1991) (discussing chapter 13

---

1. Since the Court did not issue a pretrial order directing exchange of exhibits, and the debtor filed no request or other discovery motion, the creditor was under no obligation to provide debtor with a copy of the appraisal report prior to trial. Accordingly, the failure of the creditor to provide the appraisal report at an earlier time is not grounds for reinstatement of the case upon a voluntary dismissal. The burden of proof on the issue of equity is on the movant. 11 U.S.C. § 362(g)(1). Hence, proof of valuation would be required. Use of an expert appraiser and an appraisal should not be unexpected.

2. Although the creditor's response asserts that the debtor was present in the courtroom for the hearing, contradicting the debtor's later, written assertion that he was too ill to attend the hearing, neither party indicated to the Court at the time of the hearing that the debtor was present in the courtroom. Accordingly, the record does not reveal whether the debtor was present and the Court does not take the debtor's presence, or lack thereof, into account in determining the motion to withdraw.

debtor's to voluntarily dismiss case absent fraud). At this juncture, the Court, in granting the motion, reminded the debtor's attorney that, if the case was voluntarily dismissed while a motion for relief from stay was pending, the Bankruptcy Code specifically prohibited the filing of a subsequent case within 180 days of the dismissal. *See* 11 U.S.C. § 109(g). Counsel for the debtor stated, "Yes, your Honor." The Court noted that the motion for relief from stay would be moot. Counsel for debtor again indicated understanding and assent, stepped aside from the lectern, and departed from the courtroom.

At 10:45 a.m. the next morning, July 8, 1998, the debtor filed a "Motion to Withdraw Motion to Dismiss and Reinstate Case," indicating that the debtor voluntarily dismissed the case because of an inability to defend against the motion for relief and repeated defenses to the motion for relief. The debtor seeks to withdraw his dismissal because of the effect of section 109(g)(2) of the Bankruptcy Code, the effect of which he now asserts "was not Debtor's intent." The creditor filed a response on July 14, 1998, resisting the motion.

■ The machinations of this debtor constitute an ill-conceived and an ill-concealed manipulation of the Bankruptcy Code and Rules. The debtor was represented by experienced bankruptcy counsel who was aware of the general nature of the proceeding as well as the specific nature of the issues to be presented to the court, including the valuation of the subject property. Counsel was fully cognizant of the effect of a voluntary dismissal while a motion for relief was pending. Indeed, the Court expressly reminded the debtor at the hearing of the legal effect of a voluntary dismissal. However, the debtor made no attempt at that juncture to withdraw the dismissal. Rather, the debtor waited until the next day to seek reinstatement.

It is clear from debtor's actions and the content of the motion, that the debtor intended to either immediately refile a bankruptcy case or withdraw the dismissal merely to thwart the creditor. The hearing had been scheduled, noticed, and, under the Bankruptcy Code, *required* to go forward as expeditiously as possible.[3] The voluntary dismissal in the face of the motion for relief, combined with the withdrawal within hours after court was concluded for the day, is clearly a wilful attempt to defeat the Bankruptcy Code and frustrate the prosecution of the motion for relief from stay. Such tactics should not be permitted for to do so merely allows the debtor to gain a continuance neither requested nor granted. Further, because of the debtor's procedural tactic, no hearing was held on the motion for relief from stay despite the creditor's assembling of witnesses and preparation for the hearing.

■ The provisions of the Bankruptcy Code, however, have already provided for the creditor's relief and obviate the necessity of this Court depriving other creditors of the opportunity to obtain payment of debts through a chapter 13 plan. Section 362(d) provides the authority for a party in interest to seek to obtain relief from stay. Section 362(e) provides in pertinent part:

> Thirty days after a request under subsection (d) of this section for relief from the stay … *such stay is terminated* with respect to the party in interest making such request, unless the court, after notice and a hearing orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section.

In the instant case, the motion for relief from stay was filed on June 15, 1998. At the final hearing scheduled and timely called for final hearing on July 7, 1998, the Court made no determination that the stay should continue for any reason. By operation of law, on July

---

**3.** In the motion to reinstate, the debtor implies that he desired a continuance of the hearing on the motion for relief from stay. However, the debtor made no motion, oral or written, for a continuance. Rather, the motion merely alleges, without any support, that the debtor was ill and unable to attend the hearing. The time for the debtor to make a request for a continuance is before the hearing, and, certainly, before a voluntary dismissal of the case. The fact that the debtor makes the assertion that a continuance was necessary subsequent to the voluntary dismissal serves only to support the finding that this motion is made in an attempt to circumvent the provisions of the Bankruptcy Code.

15, 1998, the automatic stay terminated as to the moving party in interest and the property which is the subject of the motion for relief. Accordingly, the creditor Norma Hendrix, who claims to hold a perfected security interest in real property described in a judgment, mortgage and note is entitled to proceed to enforce her lien and judgment against the real property by any lawful means.

The debtor seeks to reinstate her bankruptcy case. Inasmuch as the creditor against whom the debtor's tactics are directed has the relief she sought and will not be prejudiced by reinstatement of the bankruptcy case, it is

**ORDERED** that the debtor's "Motion to Withdraw Motion to Dismiss and Reinstate Case," filed on July 8, 1998, is GRANTED, with the caveat that the automatic stay is not in effect as to the creditor Norma Hendrix.

**IT IS SO ORDERED.**