In re Russell L. COWPER and Devenia L. Cowper, Debtors.

No. SK 01–03093.

United States Bankruptcy Court, W.D. Michigan.

Sept. 6, 2001.

Marie C. Feindt, Becket & Lee LLP, Malvern, PA, Wendell H. Livingston, Becket & Lee LLP, Malvern, PA, William H. Shaw, Mills & Shaw, P.C., Kalamazoo, MI, for creditor.

Thomas G. King, Kreis Enderle Callander & Hudgins PC, Kalamazoo, MI, for debtor.

**OPINION**

JO ANN C. STEVENSON, Bankruptcy Judge.

This case is before the Court upon the Motion of Seyburn & Hencken, P.C. to Convert Russell and Devenia Cowper's chapter 13 case to a chapter 7 liquidation proceeding under the "for cause" provision

of 11 U.S.C. §1307(c). The Court also has before it Debtor's Motion to Dismiss under 11 U.S.C. §1307(b). After considering the facts presented, and examining the Debtors' bankruptcy file, the Court makes the following findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

Seyburn & Hencken, P.C. obtained a consent judgment against the Cowpers and Speedway Enterprises, Inc., on November 16, 2000 in Kalamazoo District Court. The Cowpers filed bankruptcy under chapter 13 on March 23, 2001. The case was dismissed on April 19, 2001 for failure to file a plan. When a plan was finally filed on May 14, 2001, the case was reinstated on May 18, 2001. Seyburn & Hencken filed a Motion to Convert on June 8, 2001 with an amendment filed June 15, 2001, citing several transgressions on the part of the Debtors. The Debtors filed an Answer to the Amended Motion to Convert and Request for Dismissal on July 13, 2001.

The issue before the Court arises from the tension between a debtor's right to dismiss a chapter 13 case under the authority of 11 U.S.C. §1307(b) and a creditor's right to seek conversion of a case under the authority of 11 U.S.C. §1307(c). These subsections provide in pertinent part:

> (b) On request of the debtor at any time, if the case has not been converted under section 706, 1112 or 1208 of this title, the court shall dismiss a case under this chapter. . . .

> (c) . . . on request of a party in interest or the United States Trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title . . . for cause.

Some courts have found the debtor's right to dismiss absolute because the use of the word "shall" is mandatory leaving the court with no discretion. In addition, they have determined that the voluntary nature of chapter 13 supports the conclusion that the right to dismiss is absolute. *Beatty v. Traub (In re Beatty),* 162 B.R. 853 (9th Cir. BAP 1994); *In re Gillion,* 36 B.R. 901 (E.D.Ark.1983); *In re Sanders,* 100 B.R. 338 (Bankr.S.D.Ohio 1989); *In re Looney,* 90 B.R. 217 (Bankr.W.D.Va.1988); *In re Rebeor,* 89 B.R. 314 (Bankr.N.D.N.Y. 1988); *In re Turiace,* 41 B.R. 466 (Bankr. D.Or.1984).

Other courts have held that they do have discretionary authority to grant a pending motion to convert a chapter 13 case in the face of a debtor's competing motion to dismiss, particularly where there is evidence of improper conduct by the debtor. *Gaudet v. Kirshenbaum Investment Co., Inc. (In re Gaudet),* 132 B.R. 670 (D.R.I.1991); *Simmons v. Cobb (In the Matter of Cobb),* 2000 WL 17840 (E.D.La.); *In re Powers,* 48 B.R. 120 (Bankr.M.D.La. 1985); *In re Jacobs,* 43 B.R. 971 (Bankr. E.D.N.Y.1984); *In re Whitten,* 11 B.R. 333 (Bankr.D.D.C.1981); *In re Vieweg,* 80 B.R. 838 (Bankr.E.D.Mich.1987).

This Court prefers the analysis which harmonizes §1307(b) and §1307(c). Congress listed several reasons that a "party in interest" could request and receive an order of conversion upon presentation of the proper proofs. We believe Congress did not contemplate that a debtor could prevent conversion under §1307(c) simply by filing a motion to dismiss whenever and for whatever reason conversion is requested. To do so would read the "honest debtor" requirement out of the Bankruptcy Code resulting in a limitless ability to dismiss while allowing a dishonest debtor to invoke the automatic stay to prevent creditors from indefinitely collecting debts in state court.[1]

The Bankruptcy Code provides a method for creditors subjected to Bankruptcy Court jurisdiction and chapter 13 to require a debtor who actually qualifies for chapter 7 liquidation to settle his obligations under that chapter. Consequently, we conclude that when a motion to convert is filed prior to a debtor's motion to dismiss, a hearing should be allowed to consider the merits of the conversion motion before ruling on the debtor's motion to dismiss. Accordingly, a hearing on the "cause" element prescribed by Section 1307(c) shall be conducted in Kalamazoo, Michigan on October 9, 2001 commencing at 11:00 a.m.

---

1. This statement is not intended to imply that these Debtors are dishonest or have abused the provisions of Chapter 13.