**In re Amy Jo CROWELL, Debtor.**

**No. 01–42068–S.**

United States Bankruptcy Court, E.D. Texas, Sherman Division.

Feb. 8, 2002.

**542**

Kelly Franklin Bagnall, Brown, McCarroll & Oaks Hartline, Dallas, TX, Kell C. Mercer, Brown, McCarroll, LLP, Austin, TX, for Midway Press, Ltd.

Eric A. Liepins, Dallas, TX, for Amy Jo Crowell.

Joyce W. Lindauer, Dallas, TX, for Drake Taylor.

Deborah B. Morton, Law, Snakard & Gambill, PC, Fort Worth, TX, for Daimler Chrysler Services North America LLC.

Bruce E. Rothstein, Dallas, TX, for DTS Media Group, Inc.

Gary W. Sibley, Sibley & Voegtle, LLP, Dallas, TX, for Sibley & Voegtle, LLP.

### OPINION

DONALD R. SHARP, Chief Judge.

Now before the Court for consideration is the Debtor's Motion For Dismissal filed by Amy Jo Crowell, the Debtor herein ("Debtor"). This opinion constitutes the Court's findings of fact and conclusions of law required by Fed.R.Bankr.Proc. 7052 and disposes of all issues before the Court.

### FACTUAL AND PROCEDURAL BACKGROUND

The Debtor initiated this bankruptcy proceeding by filing a petition for relief under Chapter 13 of Title 11 of the U.S.Code on May 31, 2001. Thereafter, on September 6, 2001, Midway Press, Ltd. ("Midway"), a creditor of the Debtor, filed a Motion to Convert Case to One Under Chapter 7. The Debtor, although properly noticed, failed to file a response to the Motion To Convert Case. The Debtor filed a pleading called a Notice of Dismissal requesting the Court dismiss the case. Midway objected to the Debtor's Notice. On September 14, 2001, the Debtor re-filed his request for dismissal as the Motion for Dismissal now before the Court to which Midway and another creditor objected. In the interim, the Chapter 13 Trustee filed a Motion To Dismiss on the basis that Debtor failed to appear at her § 341 meeting of creditors and failed to provide documents as requested, including income tax returns. On October 2, 2001 the Order Converting Case To One Under Chapter 7 was entered of record and a Chapter 7 trustee appointed. The motion for reconsideration of the matter filed by the Debtor was deficient under the Local Rules with respect to notice and with respect to service upon the U.S. Trustee. As a result, following a notice of deficiency and failure to cure the deficiency, such motion was dismissed. Following the hearing on the Motion to Dismiss, a Motion to stay further proceedings in the Chapter 7 was filed. However, no motion was filed to stay entry of the order converting the case pending hearing of the Motion For Dismissal. The Motion For Dismissal came before the Court pursuant to regular setting. After hearing, the matter was taken under advisement by the Court.

### DISCUSSION

The Debtor contends that it is the "absolute" right of a debtor to dismiss its case

under 11 U.S.C. § 1307(b) "on request at any time....". The Debtor opines that the Debtor's "absolute" right to dismiss triggered as of the date of filing of the Notice of Dismissal and that "the Court should not have converted the case after the time the Debtor requested dismissal." Ex. D–I *Debtor's Motion For New Trial.* The objecting creditor believes that the Debtor lost her right to convert upon this Court's entry of the order converting the case to a case under Chapter 7. Under 11 U.S.C. § 1307(b):

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

*11 U.S.C. § 1307(b).*

■■■ The Court concludes that the Debtor's "absolute" right to dismiss a case under § 1307(b) is a myth and a misreading of the Code. The right is conditional. The language of the Code is clear. Upon conversion of a case from Chapter 13 to Chapter 7, the Debtor loses the right to dismiss the case "upon request". *11 U.S.C. § 1302(b).* The rules of Bankruptcy Procedure are also clear in this matter. Under Federal Rule of Bankruptcy Procedure 1017(f), "dismissal under ... § 1307(b) shall be on motion filed and served as required ...". Under Local Rule of Bankruptcy 1017(b), "[d]ismissals by the debtor pursuant to § 1208(b) or § 1307(b) shall be by motion served on the trustee and United States Trustee." A notice is not proper as a means of dismissing a Chapter 13 case. Therefore, notice of the dismissal does not effect "automatic" dismissal as the Debtor argues. The Rules certainly require that the action be undertaken by means of a "motion", whereupon the Federal and Local Rules of Bankruptcy Procedure apply with respect to notice especially that such motion be "served upon the trustee ...". *Fed. R.Bankr.P.* 1017(f). "This Court is bound, when statutory language is unambiguous to interpret statutes according to the clear meaning of their language." *United States v. Turkette,* 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981). *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989).

The Court has considered the jurisprudence respecting the tension that arises when the Court is confronted with competing motions under 11 U.S.C. § 1307(b) and 11 U.S.C. § 1307(c). Recently, in *In re Neiman,* 257 B.R. 105 (Bkrtcy.S.D.Fla. 2001) the Bankruptcy Court outlined the problem confronting the Courts with respect to these two sub-sections of the Bankruptcy Code:

> The proper interplay between § 1307(b) and § 1307(c) is unsettled in the courts. Granting a debtor's motion to dismiss pursuant to § 1307(b) necessarily renders a pending creditor's motion to convert moot and "render[s] § 1307(c) a nullity." *Gaudet v. Kirshenbaum Investment Co., Inc. (In re Gaudet),* 132 B.R. 670, 676 (D.R.I.1991). On the other hand, granting a creditor's motion to convert requires denying a chapter 13 debtor's right to dismiss, thereby rendering the "absence in subsection (b) of any condition to dismissal a nullity." *In re Harper–Elder,* 184 B.R. 403, 406 (Bankr.D.D.C.1995). Courts are divided as to which subsection controls. Some courts hold that subsection (b) trumps subsection (c) making the debtor's right to dismiss a chapter 13 case absolute. *See e.g., Barbieri v. RAJ Acquisition Corp. (In re Barbieri),* 199 F.3d 616, 619 (2nd Cir.1999); *In re Patton,* 209 B.R. 98 (Bankr.E.D.Tenn.1997); *In re Har-*

*per–Elder,* 184 B.R. 403 (Bankr.D.D.C. 1995). Other courts prefer to read the subsections together and then rule on the merits of the competing motions. These courts reason that Congress did not intend to give the debtor unfettered power to prevent conversion by simply filing a motion to dismiss whenever conversion was requested. *See e.g., Gaudet,* 132 B.R. 670 (D.R.I.1991); *Molitor v. Eidson (In re Molitor),* 76 F.3d 218, 220 (8th Cir.1996); *In re Johnson,* 228 B.R. 663 (Bankr.N.D.Ill.1999); *In re Vieweg,* 80 B.R. 838 (Bankr.E.D.Mich. 1987); *In re Powers,* 48 B.R. 120 (Bankr.M.D.La.1985).

*In re Neiman, Ibid.* at 108. There is no binding Fifth Circuit ruling on this issue. However, there is a case that has similar facts to the matter at bar heard in a District Court in Louisiana that offers some guidance.

■ In *In re Cobb,* 2000 WL 17840 (E.D.La., Jan. 11, 2000), the Louisiana District Court held that the debtor does not have an absolute right to dismiss a Chapter 13 case voluntarily under 11 U.S.C. § 1307(b) when there is a pending motion to convert the case to a Chapter 7 on the grounds of fraud. (Fraud was the underlying issue in the State Court action between Midway and the Debtor. In addition, Midway avers the Debtor has falsified information in her Schedules and Statement of Financial Affairs.) In *Cobb,* as in the case at bar, a creditor filed a motion to convert for the debtor's failure to schedule assets and the debtor, instead of filing a response to the motion to convert, moved to voluntarily dismiss the Chapter 13 case. The Bankruptcy Court granted the debt-

or's motion *ex parte.* On appeal, the Bankruptcy Court's decision to grant the debtor's motion was reversed and the matter remanded to such court to conduct a hearing on the merits of both motions. The District Court concluded that "the right to dismiss voluntarily under § 1307(b) is limited by § 1307(c). To conclude otherwise would render § 1307(c) nugatory and would encourage abuse of the bankruptcy system." This Court concurs that to permit a debtor to answer a motion to convert on grounds of fraud, whether it be actual fraud, fraud on the Court and creditors arising from falsified schedules or bad faith filings intended to delay litigation, encourages abuse of the bankruptcy system by dishonest debtors and results in inequity.[1] The District Court in the Cobb case found that when a creditor files a motion to convert a Chapter 13 case on the grounds of fraud prior to the debtor's filing of a motion to dismiss under § 1307(b):

> "the bankruptcy court must conduct a hearing on the merits of the two motions. In order to warrant conversion in the face of the debtor's conflicting motion to dismiss, the creditor must prove that 'cause' exists to warrant relief and that conversion is in the best interest of the creditors and the estate."

*Cobb, Ibid.* at *3. The latter remark raises the distinguishing fact between the facts in Cobb and the facts before this Court. In this case, the creditor filed its motion to convert, appropriate notice was given in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court. Twenty days expired

---

**1.** The problem now confronting the Court is how to fairly and justly deal with the parties and yet prevent future abuse of this Chapter. Under 11 U.S.C. § 1307(b) a debtor may dismiss his case "at any time." While this right of the debtor no doubt exists within the pa-

rameters of Chapter 13, it is not to be construed in derogation of the Court's inherent power to prevent the abuse and misuse of the judicial process where pleadings are filed in bad faith. *In re Whitten,* 11 B.R. 333, 339 (Bkrtcy.D.C.1981).

and, the Debtor chose not to respond or object to the motion to convert notwithstanding the notice language on the first page of the Motion To Convert that clearly provides that "If no response is timely served and filed, the Court may enter an order granting the relief sought." *Local Rule of Bankruptcy Procedure 9007(a)*. Thus, the motion to convert was *fully adjudicated* by default. The Debtor has only herself to blame for the situation she is in. To prevent or postpone entry of an order of conversion of the case to a Chapter 7, the Debtor need only to have filed a response or objection to the Motion To Convert. That action would have brought this case squarely within the parameters of the discussion in *"Cobb"* in that there would have been competing motions for the Court to consider. The Debtor chose not to litigate conversion directly, but instead to "dodge the bullet" via dismissal. The result is not what the Debtor desires, but is a lawful and just result. To vacate the order of conversion would result in prejudice to those creditors who abide by the rules of this Court and as promulgated in the Federal Rules. This the Court will not do. The Court believes it is bound to uphold the dignity of its previously entered order because its entry was the result of a fully, and properly adjudicated motion. Accordingly, this Court finds that the Debtor, Amy Jo Crowell, lost her right of dismissal "upon request" under § 1307(b) when the case converted to a Chapter 7 case. The Motion For Dismissal of the Chapter 13 case filed by the Debtor must be denied. There is no Chapter 13 case. An order will be entered accordingly.